Miller, J.
The bill of exceptions in tbis case does not purport to give the testimony, but states that “ tbe tendency of tbe testimony was to tbe following purport: Plaintiff and defendant, prior to tbe presidential election, agreed that if one of tbe presidential candidates — Grant or Seymour — should get tbe electoral vote of tbe state of New York at tbe November election, Sbaw should give Gardner one hundred dollars; if tbe other candidate, however, should get tbe electoral vote of that State, then Gardner should give Sbaw one hundred dollars.'- But, neither party bad money to stake; to obviate which Sbaw *104 placed in the hands of the stakeholder, W. C. Ghost, the promissory note, sued for in this case, as collateral security, by him indorsed, but when so indorsed does not appear. Gardner put up a receipt for money paid upon a life policy of insurance on the life of G. B. Shaw for $100; each party to lift these with the money, if he wished; that after the election, which is conceded to have gone for Seymour in New Tork, Gardner called on Ghost for the money. Ghost told Shaw that 'Gardner wanted the stake and was annoying him (Ghost) about it; he wished he would fix it. Shaw told Ghost then to give him (Gardner) up the note, saying, ‘ I can’t prevent you, but he ain’t entitled to it;’ and that he (Shaw) would see Kauffman, the payor, and he should not pay the note, or something of the same import. Ghost gave up the note to Gardner. It was conceded that the note was good for its face, less costs of collection. Gardner sold the note to a stranger for $175. That plaintiff’s counsel made a demand for the note which -$us refused; that, at the time of the bet, Gardner was .insolvent and the insurance company did not owe him.”
This is all the testimony, ox rather its effect, contained in the bill of exceptions.
Under the instructions of the court, the jury ascertained the value of the note, deducted the $100, which Gardner won of Shaw on the bet, and rendered a verdict for the plaintiff for the balance.
The errors urged by appellant’s counsel áre numerous, but they all resolve themselves into one question, viz.: whether under the facts disclosed in the record the plaintiff is entitled to a verdict 2
While an action will not lie to recover money lost in gaming or betting, and actually paid over, a party depositing and losing money on a bet may recover the same before it is paid over. Shannon v. Baumer, 10 Iowa, 210; Thrift v. Redman, 13 id. 25; and cases cited in the opinion of Wright, J.
*105 In this case no money was deposited. The plaintiff pledged a promissory note held by him on a third party as security' for the money. Under section 4366 of the Revision of 1860 this contract was absolutely void, and the plaintiff could have replevied the note from the stakeholder (Shannon v. Baumer, 10 Iowa, supra); but if he had consummated his agreement by the payment of the money he would have been without remedy for its recovery.
When called on by the stakeholder and informed that the defendant was urging the delivery of the pledge, plaintiff said it might be delivered to Gardner, for he supposed ho could not prevent it, but that he would stop the payment of the note by the maker. This cannot be fairly construed into a voluntary payment of the bet; at all events, not into a surrender of his entire property in the note, over and above the amount of the bet. Having obtained the hundred dollars won, by a conversion of the note, the most defendant can claim is, that the law will' not afford the plaintiff a remedy for its recovery back. He is not in a position to resist the recovery of the money which, he received on the note in excess of the amount of the bet. This excess belonged to the plaintiff. It was not received by defendant in payment of the wager, and being the money of plaintiff, when the defendant received it, the law implied a promise on his part to pay it over to the plaintiff. 3 Black. Com. 161; Mason v. White, 17 Mass. 563 ; Dist. Tp. of Norway v. Dist. Tp. of Clear Lake, 11 Iowa, 506; Johnson v. Collins, 14 id. 63, and cases there cited in the opinion of Wright, J.
The verdict and judgment went only to this extent. The judgment is, therefore, affirmed.
Affirmed.