C. H. McNider, Administrator, Appellee, v. S. A. Sirrine, Appellant.

1. **Practice in Supreme Court:** REVIEW OF RULING ON MOTION: RECORD. A ruling of the district court upon a motion to retax costs will not be reviewed in the supreme court where the record before it does not purport to contain all the evidence considered by the district court upon such question.

2. **Pleadings:** AMENDMENTS: STATUTE OF LIMITATIONS. The plea of the statute of limitations cannot be set up by way of an amendment to the answer after judgment, unless made to conform to the proof.

3. **Appeal:** NOTICE: SERVICE. Where a notice of appeal was duly served upon the clerk of the district court, but was not served upon the opposite party nor his attorney, by reason of their absence from the county, until after the time allowed for taking appeals, held, that the notice was insufficient to give the court jurisdiction.

*Appeal from Cerro Gordo District Court.*—Hon. George W. Ruddick and John C. Sherwin, Judges.

Tuesday, October 27, 1891.

Action in chancery for the settlement of a partnership. There was a judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Blythe & Markley*, for appellant.

*Stanberry & Clark*, for appellee.

Beck, C. J.—I. The petition alleges that the plaintiff's intestate, George D. Gage, deceased, and the defendant were partners in the clothing business, and that since intestate's death the defendant has had possession of the firm property, and conducted the business in his own name and for his own benefit, denying the partnership, and claiming to own in his own right all the partnership property. A settlement of the partnership business is sought by this action. By an amendment to the petition the plaintiff claims to recover six hundred dollars and interest thereon, for money loaned by the plaintiff's intestate to the defendant. The district court, on a trial upon the merits, found under the evidence, and' so decreed, that no partnership existed between the defendant and the plaintiff's intestate, and dismissed the petition so far as it claimed relief by the settlement of the alleged partnership, but rendered judgment upon the claim for money owed to the defendant by the plaintiff's intestate. From this judgment the defendant appeals. The questions presented by this appeal are exclusively of fact, and relate to the loaning of the money and its payment. That this money was loaned cannot be doubted. Many statements of the defendant are proved, admitting that he borrowed the money, and in his answer he admits that fact. His admissions were sometimes coupled with statements that he had repaid it. There is a great deal of evidence showing the condition of the parties, their business and other relations, etc., which is commented upon at length by counsel to support the theory of the payment of the debt. In our opinion the evidence fails to establish the payment of the debt, or to establish facts from which a legal presumption that it was made would arise. It is not our custom to

discuss questions of fact, which in this case could not be done except at great length, especially if we should answer the arguments of counsel, and point out the grounds supporting our conclusions. Such discussion would be of no profit to the profession nor to the parties.

II. The district court taxed the costs of the case against the plaintiff. The costs of the depositions taken in Illinois, California and other states were taxed by the clerk. The defendant moves to retax these costs on the ground that they were taxed at less than the lawful rate charged by the officers taking the depositions, as authorized by the statutes of the respective states in which the depositions were taken. An abstract of the evidence was prepared under the rules of the district court, and a statement from the books of the defendant was required, which demanded the work of a clerk for five weeks, both of which were used upon the trial. The motion asks that the costs of preparation of these papers be taxed against the plaintiff. The district court overruled the motion. This action is not complained of by the defendant. The abstract does not show that we have before us all the evidence or showings upon which the district court acted in overruling the motion. Two affidavits supported the motion, but it is not shown that other evidence was not before the court, or that other facts were not in some other way presented to the district court, which supported the rulings made on the motion. In the absence of a showing that we have all the evidence and facts before us which were considered by the district court in ruling on the motion, we are required, under familiar rules prevailing here, to presume the court had before it evidence which required the motion to be overruled.

III. After judgment, the defendant asked leave to file an amendment to his answer setting up the bar

1. Practice in supreme court: review of ruling on motion: record.

**2. Pleadings: amendments: statute of limitations.** of the statute of limitations, which was refused. This refusal is now the ground of complaint by the defendant. The amendment was not asked on the ground that thereby the pleadings would be conformed to the proof, but it set up a new defense, thus changing the defense pleaded by the defendant. It was, therefore, not authorized by the statute. Code, sec. 2689.

IV. The plaintiff served a notice of appeal in time upon the clerk of the court, but failed to serve it in **3. Appeal: notice: service.** time upon the defendant or his attorney; but counsel for the defendant think that, as service could not have been made on the defendant or his attorney in time, it should be held good if made afterwards. If we should recognize a rule to that effect, we would set at naught the statute, and introduce confusion and uncertainty in taking appeals. This we cannot do. As plaintiff's appeal was not taken in time, it cannot be heard, but must be dismissed.

The foregoing considerations dispose of all the questions in the case. The judgment of the district court is AFFIRMED.