A. LEE, Appellant, v. THE COON RAPIDS NATIONAL BANK, A. BRUTSCHE, T. C. LUNDY, W. W. WINE, E. CONNOR, L. PARKER and H. I. SQUIRES, Appellees.

**Pleadings:** FORMS OF ACTION. Forms of action are abolished by statute in this state. All required is that plaintiff shall make a plain statement of facts constituting a cause of action, and he may recover thereon whatever the law will allow, either for breach of contract or for tort, without reference to the name or form of action.

Same: PROOF: SUFFICIENCY. A party is only required to prove so much of the facts alleged as will entitle him to recovery; and where two states of facts are alleged in one count of the petition, upon either of which defendant would be liable, and some of the allegations are material to one state of facts and immaterial as to the other, failure to prove such allegation where a right of recovery is shown without them, will not defeat the action. Thus where the allegations were sufficient to sustain recovery upon an implied promise to pay or account for money collected upon a note it was not material that there were also allegations which would sustain recovery for conversion.

Conversion: EVIDENCE: SUFFICIENCY. Where the plaintiff showed that he had never parted with the ownership of a note found in defendant's hands, the proceeds of which plaintiff sought to recover, that he never endorsed the note or authorized its endorsement in his own name, he was not required to go further and show how the note came into the hands of the defendant, to entitle him to its surrender or to recover its value.

Same: ELECTION OF REMEDIES. Where defendant wrongfully obtained possession of a note belonging to plaintiff, collected it and retained the proceeds, the fact that when suit was brought to recover the amount of this note plaintiff had the instrument in his possession and offered it in evidence, did not deprive him of his right of election to proceed against defendant who wrongfully assumed to own and collect it, rather than against the maker.

Same: WHAT CONSTITUTES CONVERSION. Any distinct act of dominion over the personal property of another, which amounts to a denial of the rights of the owner in and to the same, or is inconsistent with his rights thereto, is a conversion. It may be shown by a wrongful taking, by a use and appropriation in opposition to the rights of the owner, or by refusal to surrender the same on demand. A conversion may occur after a party has rightfully come into possession of the property of another, by wrongfully assuming control and ownership. Thus where defendants wrongfully collected a note belonging to plaintiff, receiving in payment a draft, it was not necessary for the plaintiff to show that the draft was collected to establish the conversion; as it will be presumed that the draft was of equal value with money.

Conversion by a bank: AGENCY: EVIDENCE. In this action against a bank for conversion of a note the evidence is held to show that the correspondence regarding the collection of the note was conducted by the cashier for the bank, and was the act of the bank.

**Evidence:** DEPOSITIONS: DOCUMENTS. The offer in evidence of a deposition by the party taking it carries with it all the evidence contained therein material to the issues, including documents produced and identified by the witness and attached to the deposition.

**Same:** RECOVERY FOR MONEY HAD AND RECEIVED. While technically money with no distinguishing marks may not be the subject of conversion, still if defendants wrongfully converted a note belonging to plaintiff into money, by demanding and receiving payment from the maker, the plaintiff had a right of action for money had and received; and defendants could be required to account therefor upon proper pleading and proof in that form of action, though plaintiff may have erroneously alleged in his petition that the money was converted.

**Appeal:** CHANGE OF THEORY. A party cannot change the theory of his cause on appeal.

*Appeal from Carroll District Court.*—HON. F. M. POWERS, Judge.

SATURDAY, DECEMBER 13, 1913.

ACTION at law. The opinion states the material facts.— *Affirmed* in part, and *Reversed* and *Remanded* in part.

*O. M. Brockett* and *Lee & Robb,* for appellant.

*B. I. Salinger* and *L. H. Salinger,* for appellees.

WEAVER, 'C. J.—The plaintiff alleges that on July 13, 1909, one Lafayette Lee made and delivered to him his negotiable promissory note for the sum of $1,444.55, payable ninety days after date, with interest at the rate of 6 per cent. He further alleges that he never parted with the ownership of said note, and the same is due and wholly unpaid; that at some time prior to November 5, 1909, the defendants in some manner wrongfully obtained possession of said note and wrongfully presented the same to the maker, falsely representing that the defendant bank had become the owner thereof and by

such wrongful means induced the maker to pay over to the bank the amount thereof, principal and interest, which money the bank wrongfully converted to its own use and refuses to pay or account therefor to the plaintiff. By an amendment to his petition plaintiff further alleges that the note so wrongfully taken possession of and converted by the defendant bank was of the full value of $1,444.55, with the accrued interest thereon, and, at the time the bank so wrongfully demanded and received payment of said note, it canceled the same and delivered it up to the maker. The defendants admit the corporate capacity of the Coon Rapids National Bank and deny all other allegations of the petition. Trial was had to a jury. At the close of the evidence on part of the plaintiff, the court sustained defendants' motion for a directed verdict in their favor. From this ruling and the judgment entered on the directed verdict, the plaintiff appeals.

The evidence tended to show that on July 13, 1909, Lafayette Lee made to his brother A. Lee, plaintiff herein, a promissory note, due in ninety days, for the principal sum of $1,444.55, and at the same time made to another brother John Lee his other promissory note for a like amount and upon like terms. The plaintiff, A. Lee, was a resident of Oklahoma. Lafayette Lee, the maker of the note, was a resident of Giltner, Neb., and John Lee, payee of the last-mentioned note, a resident of Coon Rapids, Iowa, and president of the defendant bank. Some time after these notes were given, the plaintiff sent the note held by him to his brother John Lee, at Coon Rapids, for collection. He did not expect the collection to be pressed. He knew that Lafayette expected to sell some land and that payment of the note was not likely to be made until such sale was accomplished. The note was payable to the plaintiff's order and was not indorsed by him. Later John Lee became involved in bankruptcy proceedings, and the plaintiff, hearing of his embarrassed condition, came to Iowa and upon investigation found that the note which he had sent his brother for collection, together with the similar note made to John

Lee, had in some way come into the bank's possession and by it had been sent to a Nebraska bank for collection, and both notes had been paid by the maker and the instruments delivered up to him. The manner of said collection is shown to have been as follows:

On October 14, 1909, the defendant bank, by its cashier, sent a communication to the Citizens' Bank at Giltner, Neb., as follows: "Coon Rapids National Bank. Capital $25,000.00. John Lee, President. W. W. Wine, Vice President. T. C. Lundy, Cashier. Directors: John Lee, T. C. Lundy, W. W. Wine, E. Conner, L. Parker. Coon Rapids, Iowa, Oct. 14, 1909. The Citizens' Bank, Giltner, Neb.—Gentlemen: Inclosed you will find two notes of $1,444.55 signed by Lafayette Lee, which we desire to have collected at once and remit proceeds to us at your very earliest date. Yours very truly, T. C. Lundy, Cashier."

The notes inclosed were those above described. The one payable to plaintiff appeared to bear an indorsement as follows: "A. Lee, by J. Lee"—and the other payable to John Lee was indorsed: "John Lee, without recourse." Plaintiff testifies that the indorsement of his name by J. Lee upon the first-mentioned note was wholly without authority. In November following, the notes being unpaid, A. Brutsche, as the accredited agent of the defendant bank, went to Giltner and presented to the Citizens' Bank a letter or order from the Coon Rapids bank as follows: "Coon Rapids, Iowa, Nov. 3, 1909. The Citizens' Bank, Giltner, Neb.—Gentlemen: Please deliver to the bearer, A. Brutsche, the Lafayette Lee notes sent you by registered letter and receipted for by you on the 18th of Oct. and this is your authority for so doing. Any favor shown Mr. Brutsche will be appreciated by us. He is, or has the power to act for this bank. We wish you would assist him to settle this deal. Yours very truly, T. C. Lundy, Cashier. E. Conner, Pres."

Brutsche offered to sell the notes, but, a purchaser not being at once found, he visited the maker, Lee, demanded

payment of the notes, and threatened immediate suit. On the next day the said Lee went to the bank of Giltner, made arrangement to borrow the amount needed by him, and thereupon paid the money over to the bank and took up the notes. It also appears that at that time the said Lafayette Lee was solvent and financially good for the amount of said indebtedness. The net amount of the collection was then paid or turned over by the Giltner bank to Brutsche in the form of Chicago exchange. At some time before the Giltner bank delivered up the notes to Lafayette Lee, they were each indorsed by Brutsche as follows: ''Without recourse on A. Brutsche, Agent for Coon Rapids National Bank.'' When these facts became known to the plaintiff, his attorney, acting in his behalf, visited the office of the Coon Rapids National Bank and demanded payment of the money which had been collected on the note owned by the plaintiff. Mr. Brutsche and other officers of the bank being present answered the demand by a refusal to pay, saying that the note had been indorsed without recourse, and the attorney would have to go after the Giltner bank or somebody else, and that if suit was brought against the Coon Rapids bank they ''would beat it.''

It may here be said that some of the testimony above recited (which was all or mostly all taken in the form of depositions) was ruled out upon the defendants' objections. We think, however, it was all competent and material and should have been admitted. The defendants offered no testimony whatever, and the vital question presented by the appeal is whether, taking the testimony offered by the plaintiff and giving it the most favorable construction it will reasonably bear in support of plaintiff's claim, it is sufficient to sustain a verdict in his favor.

If there be any reasonable doubt that upon the undisputed facts plaintiff shows himself entitled to recover, it must be because there is some fatal defect in his petition or because honesty in business has not yet reached the dignity of legal obligation.

I. Concerning the petition considerable is said in argument whether, as a legal proposition, it states a claim for the conversion either of the money collected thereon from the maker or of the note itself. We think it entirely unnecessary to befog the case with technical discussion of the law of pleading. It is enough that in this state all "forms of action" are abolished (Code, section 3426), and all that is necessary for one who invokes the power of the court to protect a right or redress a wrong is that he shall make a plain statement of the facts, avoiding mere legal conclusions, and he may recover thereon whatever the law will allow either for breach of contract or for tort without reference to the name or form of action which might have been necessary or available under the ancient practice. *Mentzer v. Tel. Co.*, 93 Iowa, 752.

1. PLEADINGS: forms of action.

In order to recover, no matter how much he has alleged, he is bound to prove only such allegations or so much of the alleged facts as will entitle him to the recovery or relief asked for. Code, section 3639.

Where the petition alleges in a single count two states of facts, upon either of which defendant would be liable, and some of its averments, while material to one, are redundant as to the other, failure to prove the latter, where right of recovery is shown without such facts, will not defeat the recovery. *Way v. Railroad Co.*, 73 Iowa, 463. See, also, *Knapp v. Cowell*, 77 Iowa, 528.

2. SAME: proof: sufficiency.

The allegations of the petition, as amended in this case, state facts sufficient, if proved, to sustain a recovery by the plaintiff as upon an implied promise to pay or account for the money collected upon the note owned by him. It also alleges facts which would sustain a recovery for the conversion of the note itself. These different allegations do no more than state or describe successive steps in the accomplishment of the same wrong—the wrongful assertion of ownership over the property of plaintiff, the wrongful conversion of that

property into money, and the refusal upon demand to make it good to the plaintiff.

It is said for the appellees that there is no proof how the note came into the possession of the defendant bank. None is necessary. When plaintiff shows that he never parted with the ownership of the note and never indorsed it or gave John Lee authority to indorse it in his name, and that note is found in the hands of the bank, it is none the less plaintiff's property, and, *prima facie* at least, he is entitled to demand its surrender and, upon failure to comply with that demand, to recover its value. If there be any undisclosed fact which in any manner estops the plaintiff to insist upon this right or clothes the defendant bank with the character of an innocent holder of the note and therefore entitled to demand and receive payment thereof from the maker, it is for the defendants to plead and prove it.

3. CONVERSION: evidence: sufficiency.

Counsel for appellees argue very ingeniously that no conversion of the note is shown because it appears in the record that at the time of the demand on the defendant bank, and at the time of bringing this action, the instrument was in the possession of the plaintiff. The appearance of the note in the hands of plaintiff by no means conclusively negatives his claim that the defendant bank had converted it. Even if he might legally repudiate the act of the bank in collecting it and proceed to compel the maker to pay the debt represented by the note over again (a proposition we need not decide), he was not bound so to do, and he at least had an election to proceed against the person or persons who wrongfully assumed to own and collect the note. *Kalckhoff v. Zoehrlaut,* 40 Wis., 430. The fact that he thereafter secured possession of the paper and used it as evidence in this case is not inconsistent with his claim to recover against the wrongdoers.

4. SAME: election of remedies.

It is next said that the testimony traces no part of the proceeds of the collection to the bank because it is shown that

the Giltner bank paid the collection to Brutsche in the form
of a draft on a Chicago bank, and there is no

5. SAME: what
constitutes con-
version.

proof that the draft has ever been paid or
that the money therefrom ever came into the
defendant bank.   The objection speciously ignores a very
important feature of the record and of the law applicable
thereto.   Proof that the collection was paid to Brutsche in
money or that the draft given was ever cashed was not essential
to show a conversion of the note.   Conversion may be predi-
cated upon any distinct act of dominion over another's per-
sonal property in denial of his right or inconsistent with it.
*Colby v. Kimball,* 99 Iowa, 325; 21 Ency. Pl. & Pr. page 1014.
It may be proved by showing (1) a tortious taking, or
(2) any use or appropriation to the use of the person in
possession indicating a claim of right in opposition to the
rights of the real owner, or (3) by a refusal to surrender on
demand.   *Nanson v. Jacob,* 93 Mo. 331 (6 S. W. 246, 3 Am.
St. Rep. 531).   Even if the defendant in such proceeding came
into possession of the property lawfully, yet if he afterward
assumes the control of it as owner, asserting rights therein
inconsistent with the rights of the owner, there is a conversion.
*Baldwin v. Cole,* 6 Mod. 212; *Tinker v. Morrill,* 39 Vt. 477
(94 Am. Dec. 345).

Therefore, with testimony tending to show that defendants
obtained possession of the note owned by plaintiff and without
right proceeded to treat it as their own by assuming to order
and control its collection, by offering it for sale, by demanding
payment from the maker, and by settling with him and sur-
rendering to him the note, it is too clear for controversy that
plaintiff made a *prima facie* case for recovery, without regard
to the question whether defendants received payment in cash
or in drafts or in other promises to pay.   If instead of money
it accepted a draft, it is certainly a reasonable presumption
that the draft was of equal value with the money it represents.
It is not necessary to a conversion of the note that defendants
should have profited thereby, and evidence of any or either

of the alleged acts on their part, inconsistent with plaintiff's rights in the property, was sufficient to take the question of conversion to the jury.

Still again counsel say there is no sufficient proof that the writer of the letters to the Giltner bank, which are signed "T. C. Lundy, Cashier," were the act of or authorized by the defendant bank. The fact that Lundy was the defendant bank's cashier is admitted in argument. The letters purport to be written by him; one of them received by the addressee in course of mail and the other by the hands of Brutsche certifying to his authority as agent of the bank. The response by the bank officers to the demand made by the plaintiff's attorney was in effect an admission of Brutsche's agency and of the possession and collection of the note and as an attempt by them to avoid liability because Brutsche, before delivering up the note to the maker, indorsed it without recourse on himself. The appearance of the agent at Giltner, with demand upon the bank there for the notes which the latter had received in the first letter, was sufficient evidence that said letter was written by or for the bank. Moreover, the letter containing the notes sent to the Giltner bank was registered, its receipt was acknowledged in the manner required by the rules of the postal department, and the receipt card mailed back to the Coon Rapids National Bank. This card was in the possession of Brutsche when he appeared at Giltner with an order for the delivery of the notes. There is no room for doubt as to the authenticity of the letters. But it is said these letters are not in evidence and not a part of the record.

6. CONVERSION BY A BANK: agency: evidence.

The testimony by officers of the Giltner bank was taken in the form of depositions. The witness in answer to interrogatories on the part of plaintiff produced the letters, identified them, and they were attached to the depositions and were treated in court as being in evidence. The depositions were offered in evidence on the trial, but the record does not show a separate

7. EVIDENCE: depositions: documents.

express offer of the letters, and appellees' objection is based on the theory that such separate offer was necessary to make them a part of the record. No authority is cited in support of the proposition, and we do not care to establish such a precedent. The letters, being produced and identified by the witnesses and attached to their depositions, became to all intents and purposes a part of their testimony, and, when the depositions were offered without reservation or exception, the offer necessarily included the letters. An offer of a deposition in evidence by the party taking it is presumed to be an offer of it in its entirety, because he cannot be allowed to put in evidence a part only and withhold a part relating to the same subject matter. He may withhold it entirely, but if he puts any part in evidence he must offer all which is pertinent to the issues. *Kilbourne v. Jennings*, 40 Iowa, 473.

Appellee treats the petition as declaring solely upon an alleged conversion of money and insists that a right of action of that nature is not shown. But the petition (and especially as amended) is broader than this interpreta-

8. SAME: recovery for money had and received.

tion of it, and, as we have before said, states facts sufficient to support a recovery for the conversion of the note. Moreover, while it may be conceded that there can be no conversion of money having no distinguishing "earmarks," and that, if the defendants converted the note into money or its equivalent and kept it, such act was technically not a conversion of the money so received, yet if plaintiff has shown that he owned the note, that defendants wrongfully converted it by demanding and receiving payment thereof from the maker, he has made a case for money had and received by the defendants for which they are accountable to him. *Shaw v. Gardner*, 30 Iowa, 111; *Goodenow v. Snyder*, 3 G. Greene, 599. And see cases cited in 27 Cyc. page 861, note 58.

Even though plaintiff in his petition has erroneously alleged that the money was converted, yet, if the facts as stated and proved make a case for recovery for money had and received, he is not to be turned out of court but may

recover if his proof is sufficient. Such is the clear effect, not only of our Code, section 3639, above cited, but of the essence of our fact system of pleading. The rights of the plaintiff in this respect are not to be determined by the label which he places upon his petition but by the facts which he has pleaded.

Much reliance is placed by the appellees on the decision in *Himmelman v. Ins. Co.*, 132 Iowa, 672, and it would appear that the trial court thought it controlling of the case at bar.

9. APPEAL: change of theory. We do not so read it. The substance of the holding there is a reiteration of the well-established rule that a party on appeal may not in this court ''mend his hold'' and succeed here upon a claim materially different from that which he asserted in the court below. The plaintiff there sued for damages for the conversion of an insurance policy by the company which issued it and upon appeal sought in this court to have his action treated as having been brought for recovery on the policy, and this it was held he would not be permitted to do. The policy had never been in the possession of the plaintiff (an assignee of the insured), and the company paid the loss to the assignor who had possession of the policy and surrendered it to the insurer. Plaintiff's right of action against the company on the policy was in no manner impaired. The company may have been indebted to the plaintiff on the policy, but it had not converted it, nor had it collected or received the money which it represented. The case is quite unlike the one before us in its facts and in the law applicable thereto, and the result there reached may be sustained without conceding the correctness of all that is said arguendo in the opinion. In this case, while the controversy may be approached from different angles, and while adopting the language of the common-law forms of action we may call the defendant's claim by various names according to the manner in which it is stated, it is yet one in substance and in fact under the system prevailing in this state. *Kalck hoff v. Zoehrlaut*, 40 Wis. 430.

To restate the situation as presented in this appeal, the

two fundamental questions are: (1) Does the amended petition state facts which, if proved, would entitle plaintiff to recover upon any theory of the law? And (2) are such allegations of fact supported by evidence which should have taken the case to the jury? That both inquiries must be answered in the affirmative there is no room for reasonable doubt. This is especially true of the proposition that a conversion of the note is charged and that the undisputed evidence fairly supports the charge so made. And, even if all the allegations of wrongful conversion be stricken out or ignored, there remains a sufficient allegation for recovery of the money alleged to have been received by the defendants.

In the preceding discussion we have omitted to discriminate between the individual defendants, and, without pausing to revise or change the text of the opinion in this respect, we will here say that the evidence to sustain the claim made in the petition fails to show any personal liability on the part of defendants Wine, Parker, and Squires, and as to them the judgment below will be permitted to stand. As to the claim made against the Coon Rapids National Bank, A. Brutsche, T. C. Lundy, and E. Conner, the judgment must be reversed, and the cause remanded for new trial. The costs of the appeal will be taxed to the defendants last above named.

*Affirmed* in part, *Reversed* in part, and *Remanded* for new trial.

DEEMER, WITHROW, and GAYNOR, JJ., concur.