SECURITY SAVINGS BANK, Appellee, v. MATT CAPP et al., Appellants.

**BILLS AND NOTES:** Negotiability—Maker's Consent to Extensions.
1 Principle reaffirmed that a promissory note, otherwise negotiable, is rendered nonnegotiable by the insertion therein of an agreement by the maker for the extension of time of payment without notice.

**PLEADING:** Issues, Proof, and Variance—Surplusage in Allegation.
2 A plaintiff who sues for judgment on a nonnegotiable promissory note, and alleges (1) bona-fide holdership, (2) in good faith, (3) before maturity, (4) under an assignment to plaintiff, (5) for a valuable consideration, need prove no more, in order to make a prima-facie case of recovery, than that he is the *owner* of said note.

**SALES:** Fraud—Nonfraudulent Promise. Fraud in the sale of goods
3 may not be predicated on the false promise of the vendor to furnish an expert salesman to assist in the resale, there being no showing that, when vendor made the promise, he had no intention to keep it.

*Appeal from Dallas District Court.*—J. H. APPLEGATE, Judge.

MARCH 7, 1922.

ACTION to recover on a promissory note executed and delivered by the defendant Capp to the defendant Perry Stock Remedy Company and sold and transferred by said company in blank to the plaintiff. The trial court directed a verdict in favor of the plaintiff at the close of all the testimony, and entered judgment against defendant Capp who appeals.—*Affirmed.*

*Harry Wifvat* and *E. W. Dingwell,* for appellants.

*S. Trevarthen,* for appellee.

DE GRAFF, J.—Plaintiff as indorsee sues to recover from the maker and the payee-indorser on a promissory note in words and figures as follows:

"Perry, Iowa April 29, 1920.

1. BILLS AND NOTES: negotiability: maker's consent to extensions.

"Demand after date, for value received we jointly and severally as principals promise to pay to the order of Perry Stock Remedy Company, at Security Savings Bank, Perry, Iowa, four thousand dollars, with interest at the rate of 8 per cent per annum from date payable semiannually. Any default in the payment of principal or interest shall cause the whole amount to become due and payable at once, and any defaulted principal or interest shall draw interest at the rate of 8 per cent, per annum. Upon default in payment we agree to pay attorney's fees and collection expenses. Makers, indorsers and guarantors waive demand for payment, notice of nonpayment, notice of protest hereof and agree to extension of time on this note without notice and any justice of the peace may have jurisdiction hereon to the amount of $300. P. O. Bouton, Ia.

"Matt Capp."

This is a renewal note and was executed and delivered by Capp in lieu of a $4,000 note bearing date November 25, 1919 which was canceled and surrendered upon the execution of the new note. Simultaneously with the execution of the original note the following unilateral contract was signed:

"We, the Perry Stock Remedy Manufacturing Company of Perry, Iowa, have this day and date, November 25-19, sold to Matt Capp fifty thousand pounds of remedy for mail orders and all goods sold in Polk County to be turned over to Matt Capp, all goods to be shipped as ordered by said agent. This car of remedy sold at eight cents per pound, wholesale price. C. B. Boyer. Territory in Dallas County from road east of Schnoor farm he gets from there north, south, east and west."

The note in suit is not a negotiable instrument. *Quinn v. Bane,* 182 Iowa 843. It appears, however, that plaintiff in its

amended and substituted petition predicates a cause of action
on the theory that the note is negotiable.   One

2. PLEADING: is-
sues, proof, and
, variance: sur-
plusage in alle-
gation.

paragraph of the petition reads:

"That on the 25th day of November, 1920
the Perry Stock Remedy Company by C. B.
Boyer, transferred, sold, and assigned said note to the plaintiff
herein for good and valuable consideration and indorsed the
same in blank on the back thereof. That the plaintiff is a bona-
fide purchaser of said note and a holder in good faith before
maturity thereof."

Defendant Capp in his answer alleges fraud in the incep-
tion of the note and by plea of general denial states:

"That he denies that the plaintiff is a holder in due course
without notice of the note sued upon, and that at the time he
purchased said note was fully advised as to the conditions sur-
rounding said note and the making thereof."

Plaintiff departed somewhat from the usual manner and
method in the statement of cause of action in a case of this
character, and consequently the logical order in the presenta-
tion of evidence was not followed.  Plaintiff undoubtedly viewed
this note at the time the action was instituted as a negotiable
instrument but this did not make it so.  The defendant denied
that the plaintiff bank was a holder in due course, but the rea-
son assigned therefor was not that the note itself was not negoti-
able in form, and therefore could not possess negotiability, but
that the bank was acquainted and advised of the fraud in the
inception of said note and took same with notice of defects.
These issues having been joined in the manner indicated, the
cause proceeded to trial, plaintiff assuming the burden of proof
in the first instance.

Upon the close of all the testimony plaintiff moved the court
to direct a verdict in its favor for the following reasons:

"1.   That there is no evidence in this case that the plain-
tiff bank was ever a party to any misrepresentations of any kind,
or that they had knowledge of any defects, in the purchase of
said note.

"2.   That there is no evidence sufficient to go to the jury
such that any reasonable man could return a verdict in favor of
the defendant, Capp, as against the plaintiff herein.

"3.   That the defendant admits that he has absolutely no claim against the plaintiff herein by virtue of any transaction in connection with the purchase of said note.

"4.   That defendant admits executing the contracts, more particularly Exhibit 1, which is a written contract for the absolute sale of the amount of merchandise covered by said note, and that Exhibit G is a renewal of said note in this cause; and that the defendant admits that he never demanded all, or part, of the said goods from the Perry Stock Remedy Company, and that there is no evidence that the plaintiff bank was ever a party to the contract existing between the parties in this cause."

This motion was sustained generally.

A plaintiff is not compelled to prove more than is necessary to entitle him to the relief asked for, and a defendant not more than sufficient to sustain his defense.   Code Section 3639. *Lee v. Coon Rapids Nat. Bank,* 166 Iowa 242.   The plaintiff herein assumed a burden of proof greater than required.   Possession of a promissory note by the payee is sufficient evidence of title to make a prima-facie case. *Tullis v. McClary,* 128 Iowa 493.   The same rule applies, if the instrument is payable to bearer, or if payable to order, is indorsed in blank. *American Exp. Co. v. Peoples Sav. Bank,* 192 Iowa 366.   Therefore the error assigned by appellant is error without prejudice.

We will not presume that the learned trial judge construed the note in suit as a negotiable instrument.   The bank was a mere assignee or transferee and any defense which the maker might interpose as against the enforcement of this obligation by the payee was available to him as against the assignee bank.   The plaintiff took said note subject to all equities and defenses.   This being true, Did the defendant establish the fraud pleaded?   The contract, Exhibit 1, was in writing and it is presumed to contain the entire agreement between the parties hereto. *Rath v. Schoon,* 192 Iowa 180.   Defendant Capp in his answer alleges "that his signature to said note was obtained by fraud and fraudulent misrepresentation of the payee, the Perry Stock Remedy Company and its owner, C. B. Boyer; that said note was given pursuant to an oral contract of the purchase of 50,000 pounds of stock food, and of an agency to sell the same in the county of

3. SALES: fraud: nonfraudulent promise.

Polk and state of Iowa, and the representation that the said Perry Stock Remedy Company and C. B. Boyer would furnish to this defendant one Temple, an experienced salesman to go with and sell and demonstrate the use of said stock remedy.''

This was merely a false promise *in futuro* and not sufficient to predicate fraud. That he ''would furnish'' a salesman is not a material past or existing fact nor is it coupled with any such fact. It is a collateral matter, and it is not shown that such a promise, if made, was made with a secret intention of nonperformance. *City Dep. Bank v. Green,* 138 Iowa 156. The mere failure to carry out a promise *in futuro* does not *per se* constitute fraud. *City Nat. Bank v. Mason,* 192 Iowa 1048. No other fraud specification is established by the evidence, but it is contended that the stock food agreed to be delivered under the contract and for which the note was given was never delivered, and consequently there was a failure of consideration.

Defendant testified:

''Boyer never told me whether he had the stuff or did not have it. He never showed it to me. He never offered it to me.''

He further testified:

''I don't think that I ever denied my liability on that note as far as the bank is concerned before suit was brought. At the time I executed the [renewal] note, I offered to sell the goods back to Boyer. He told me he did not want them. He told me he did not want the stock.''

Clearly there was an intention to deliver.

It is the rule of this court that an issue cannot be tendered in the first instance on appeal. Furthermore the issues in this case having been framed by the parties thereto and the cause having proceeded to trial on the theory presented by the issues thus made, the finding of the trial court must stand.

The ruling of the trial court is correct on either theory. The evidence does not support the plea of fraud, and the *bona fides* of the purchaser not being involved, it follows that no fact question arises in this particular. The judgment entered is—
*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.