FRED G. WINN, Appellee, v. MARY M. STRONG et al., Appellants.

**SPECIFIC PERFORMANCE:** Contracts Performable—Vendor Without
1 **Title.** A vendor of real estate may not have specific performance of a contract to convey when, at the time of the execution of the contract, he did not have title to the land, and the purchaser did not, at such time, know of such inability to convey.

**PLEADING:** Amendments—Long Delayed Amendment. An amend-
2 ment, especially an issue-changing amendment, is properly rejected when delayed until after submission and decision, but before the actual entry of judgment.

*Appeal from Adair District Court.*—J. H. APPLEGATE, Judge.

JUNE 22, 1923.

REHEARING DENIED SEPTEMBER 28, 1923.

. ACTION in equity, for the rescission of a contract for the purchase of real estate and to establish a claim for $15,438 against the estate of Nellie Hennessy, the vendor, who died intestate before the time fixed for consummating the contract. Mary M. Strong, administratrix of the estate of Nellie Hennessy, filed answer as such administratrix, and for herself as the sole heir at law of Nellie Hennessy, and also a cross-petition, in effect praying for the specific performance of the contract. Jacob and Anna Eigenheer, husband and wife, Sylvester Handley, and George H. Williams, whose interests are fully stated in the opinion, also filed separate petitions in intervention, joining in the prayer of the petition of Mary M. Strong, administratrix. The court found that plaintiff was entitled to a decree of rescission, and to have a claim established against the estate of Nellie Hennessy in the sum of $3,800, the portion of the consideration for the farm actually received by her. From a decree so providing, and dismissing all petitions in intervention, Mary M. Strong, as administratrix and for herself personally, and George H. Williams, intervener, appeal.—*Affirmed.*

*Musmaker & Williamson* and *L. J. Camp*, for appellants.

*Wilson & Crowley*, for appellee.

STEVENS, J.—I.   This controversy grows out of a somewhat complicated situation resulting from the execution of successive contracts by the several purchasers of a farm situated

1. SPECIFIC PER-
FORMANCE: con-
tracts perform-
able: vendor
without title.

near Orient, Iowa.  On February 9, 1920, Nellie Hennessy, unmarried, agreed, by a contract in writing, to convey the farm in question, which comprised 160 acres, to appellee herein, on March 1, 1921, for a consideration of $40,400, to be paid as follows: $3,800 cash; $4,600 March 1, 1920; $4,000 March 1, 1921, with interest amounting on the later date to $1,560; and the balance, $28,000, by assuming or executing notes for that amount, secured by a first mortgage upon the farm. The legal title to the farm on the date mentioned, and at all times prior to November 19, 1921, was in the intervener, George H. Williams, who, on June 21, 1919, by a contract in writing agreed to convey the same to Sylvester Handley, for a consideration of

$36,000, to be paid as follows: $1,000 cash; $3,000 March 1, 1920; $4,000 March 1, 1921; and the balance, $28,000, by the execution of notes and a first mortgage upon the land, to secure their payment. On July 2, 1919, Sylvester Handley, by a contract in writing, agreed to convey said tract to Jacob Eigenheer and Anna Eigenheer, jointly, for a consideration of $37,600; and on August 16, 1919, Jacob Eigenheer, without the participation of his wife therein, agreed in writing to convey the same to Nellie Hennessy, appellee's vendor, for a consideration of $39,200. Each contract required a cash payment of $1,000, and of the principal sum of $3,000 on March 1, 1920. The payment of this sum was evidently intended to provide each purchaser with a sufficient amount to make settlement on that date with his vendor. Each contract further provided that the seller should furnish an abstract showing a merchantable title to the land, and that possession thereof should be delivered to the purchaser on March 1, 1920. Appellee made all of the payments, except $200, which he retained until abstract showing a merchantable title could be furnished him, and executed the notes and mortgage required by his contract. He assumed possession of the farm on March 1, 1920, which he still retained at the time of the trial below. The first payment, of $7,400, was applied by the First State Bank of Orient, which held all of the contracts except the first one, signed by Williams and Handley, as follows: $2,800 to Nellie Hennessy, $1,600 to the intervener, Eigenheer, and $3,000 to Williams. All of the second payment, of $5,560, except the $200 reserved, was paid to the former by the Orient Savings Bank, where the Williams-Handley contract was held. At the time of making the $5,560 payment, which was March 2, 1921, appellee and wife executed notes, together with a mortgage to secure the payment thereof, to Williams, who had, some time before, executed a warranty deed conveying the farm directly to appellee, and left it at the Orient Savings Bank for delivery upon final settlement. The papers were retained by the bank until an abstract showing a merchantable title could be furnished by Williams.

The petition in this action was filed on October 4, 1921. It sets up the material and relevant facts stated above, and that Nellie Hennessy was not the owner of the land, and prayed a

cancellation of the contract, and for the establishment of a claim against her estate for $15,438, the aggregate of the consideration, interest, and taxes paid by appellee, which claim had been previously duly filed in probate. To this petition Mary M. Strong, administratrix, filed answer, admitting the execution of the contract and denying all other allegations thereof. By way of a cross-petition, she set up a plea of novation, alleging that, at the time it was executed, Nellie Hennessy and appellee orally agreed that the latter should accept a conveyance directly from Williams, and that the former should be discharged and released from all further obligation and liability upon the contract. The administratrix also asked reformation of the contract, so as to include the terms of the alleged oral agreement. Sylvester Handley, Jacob and Anna Eigenheer, husband and wife, and Mary M. Strong, for herself, as the sole surviving heir of Nellie Hennessy, filed separate petitions of intervention, adopting the allegations of her cross-petition, as administratrix, and joining in the prayer thereof. George H. Williams, who, as stated, at all times held the legal title to the farm, appeared as an intervener, and filed separate answer, alleging his ability and willingness to perform his contract with Handley, and offering to convey the farm to appellee, and praying for equitable relief. Appellee denied all of the affirmative allegations of the cross-petition and petitions in intervention, both generally and specifically. Other issues tendered need not be stated.

The evidence, except as to the matters stated above, was more or less conflicting. Appellee denied *in toto* the alleged oral agreement with Nellie Hennessy, and testified that it was after March 1, 1921, and after the notes and mortgage had been executed to Williams, that he learned for the first time that she was not the owner of the farm. He declined to accept a deed from Williams, and demanded a conveyance from Nellie Hennessy. However, he finally consented to accept a deed from Williams, provided that it expressed a consideration of $40,400, the purchase price fixed by his contract with Nellie Hennessy. This, Williams at first declined, but later consented, to do. By this time, appellee had changed his mind, and refused to accept a conveyance from anyone but Nellie Hennessy, who had died without executing a deed.

As the court found against appellee upon all disputed questions of fact, except one, we shall not go further into the details of the several transactions covered by the evidence. Appellee testified that he believed that Nellie Hennessy had title to the farm, and that he knew nothing of the existence of the contract between Williams and Handley, Handley and Eigenheer and wife, and Eigenheer and Nellie Hennessy. The court filed an exhaustive opinion in the case, in which he found in favor of appellee as to a portion of the above matters. Summarizing his holding, the court said:

"I. The contract between him [appellee] and Nellie Hennessy entitles him to a deed from her or from her heirs; and Mary Strong, although offering to take title and to deed to him, has not at this time title to the land, and cannot convey what she has not.

"II. While there has been a novation of the debts, so far as plaintiff, Nellie Hennessy, and Williams are concerned, such would not require plaintiff, in and of itself, to accept a deed from a third person.

"III. That there was no such mutual mistake in drawing the contract as authorizes the court to reform same.

"IV. That, while there was sufficient in the acts and conduct of plaintiff to constitute a waiver of deed from Miss Hennessy and to accept deed from Williams, had there been no other complications of title, yet, as he is not shown to have known, at the time he was willing to accept the Williams deed of the Handley and Eigenheer contracts, and especially as to the fact that Anna Eigenheer was a party to the Handley contract and was not a party to the Hennessy contract, he cannot be held to have waived a matter or defect of which he had no knowledge.

"V. Defendant Mary Strong is in no good position to demand specific performance, as neither she nor the estate of her intestate has title to convey. Neither of the other parties is in position to enforce specific performance, for the reason they have no contract with plaintiff to perform. Plaintiff could not enforce specific performance from any of these parties, and thus the obligations are not mutual."

So far as the finding of the court is against appellant, it is

clearly sustained by the record. We shall not review the evidence in detail. It will suffice for us to say that appellants did not show by a preponderance of the evidence that appellee knew of the outstanding intervening contracts, or that Anna Eigenheer had not joined with her husband in the contract with Nellie Hennessy. This was necessary, to relieve the title from the cloud placed thereon by the agreement of Handley to convey the farm to Jacob and Anna Eigenheer jointly. The evidence wholly fails to make out a case for the reformation of the contract. Appellee, unless he waived his right thereto, was entitled to a deed from Nellie Hennessy or her heirs, and an abstract showing a merchantable title in her. A waiver did not take place, because appellee did not know the facts or the situation as to the title. The conclusion of the court below is well sustained by the prior decisions of this court. *Primm v. Wise & Stern,* 126 Iowa 528; *Webb v. Hancher,* 127 Iowa 269; *Nelson v. Chingren,* 132 Iowa 383; *Marx v. King,* 193 Iowa 29; *Culbertson v. Smith,* 193 Iowa 436.

II. The written opinion of the court was filed November 18, 1921. No decree was filed, however, until February 2, 1922. On November 19th, Mary M. Strong, intervener, filed a motion asking the court to reopen the case for the purpose of permitting her to make tender of a warranty deed conveying the farm to plaintiff, together with an abstract showing a good, merchantable title, subject only to the $28,000 mortgage he had agreed to assume, and to permit her to file an amendment to her petition in intervention. On the same day, an amendment to her petition was filed, setting up facts designed to excuse her from taking title in herself prior to the submission of the case, and tendering other issues which would require further pleading by appellee. On November 23d, appellee filed a motion to strike the amendment to the petition in intervention, upon the ground that same was filed too late, and presented new issues for trial. On January 31, 1922, the court filed a written opinion, sustaining the motion to strike. Appellant intervener also appeals from this ruling by the court.

The rule is, of course, to permit amendments; but permission is granted or refused in the sound discretion of the court.

2. PLEADING: amendments: long delayed amendment.

In this case, the issues had been fully tried, and the cause submitted and decided, before the amendment in question was offered for filing. After the announcement of the court's findings, on November 18th, all of the parties named, including Williams, conveyed whatever interest they had in the land to Mary M. Strong, thereby removing the cloud from the title created by the failure of Anna Eigenheer to join with her husband in the contract between him and Nellie Hennessy. Appellant did not have an absolute right to have the case reopened, nor to tender new issues after the cause had been submitted and decided, notwithstanding the fact that a decree had not been entered. The court did not abuse its discretion in striking from the files the proposed amendment to appellant's petition in intervention, and its ruling will not be disturbed. *Le Mars Bldg. & Loan Assn. v. Burgess,* 129 Iowa 422; *McNider v. Sirrine,* 84 Iowa 58; *Chlein v. Kabat,* 72 Iowa 291; *Nelson v. Hays,* 75 Iowa 671; *Breen v. Iowa Cent. R. Co.,* 184 Iowa 1200; *Higby v. Bahrenfuss,* 180 Iowa 316.

We have examined the record with care, and reach the conclusion that the decree of the court below is right; and it is, therefore,—*Affirmed.*

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.