FRED G. WINN, Appellee, v. GEORGE H. WILLIAMS, Appellee,
et al., Appellant.

**VENDOR AND PURCHASER:** Rescission and Accounting—Payments
1  to Third Party by Mistake. A purchaser of land who has been
   granted a rescission of the contract may compel an accounting by
   other executory vendors and vendees to whom part of the pur-
   chaser's payments has been made by mistake or inadvertence.

**JUDGMENT:** Conclusiveness—Nonadjudicated Issues. A decree which
2  grants plaintiff's prayer for a rescission of a contract of purchase

of land and fixes the terms of accounting *by the vendor* is not an adjudication of an issue of accounting *by other prior vendors and purchasers* to whom part of plaintiff's money was paid by mistake or inadvertence, said other parties having appeared only as interveners, and tendered issues foreign to any accounting by them. (See Book of Anno., Vol. 1, Sec. 11567, Anno. 76 *et seq.*)

**Headnote 1:** 39 Cyc. p. 2014. **Headnote 2:** 34 C. J. p. 921.

*Appeal from Adair District Court.*—W. S. COOPER, Judge.

OCTOBER 27, 1925.

ACTION in equity for an accounting. Decree as prayed. The defendant Sylvester Handley alone appeals.—*Affirmed.*

*Johnston & Boone,* for appellant.

*L. J. Camp,* for defendant Williams.

*Musmaker & Williamson,* for remaining defendants.

*Frank. B. Wilson,* for appellee.

STEVENS, J.—This is an action in equity for an accounting, and grows out of the following series of transactions, to wit: On June 21, 1919, the defendant George H. Williams, who was the

1. VENDOR AND PURCHASER: rescission and accounting: payments to third party by mistake.

owner of the S½ of the NE¼ and the S½ of the NW¼, all in Section 29, Township 74 north, Range 31 west of the 5th P. M., Adair County, Iowa, entered into a contract in writing with Sylvester Handley, appellant herein, agreeing to convey the said land to him for a consideration of $36,000, $1,000 of which was to be paid on the execution of the contract, and a further payment of $3,000 on March 1, 1920. On July 2d following, appellant entered into a contract in writing with Jacob and Anna Eigenheer, agreeing to convey the above described premises to them for a consideration of $37,600, $1,000 to be paid in cash, $1,600 March 1, 1920, for which a note was given, and a further cash payment on that date of $3,000.

On August 16th following, Jacob Eigenheer, without having his wife, Anna, join therein, entered into a contract in writing

with Nellie Hennessy, single, agreeing to convey the said premises to her for a consideration of $39,200, $1,000 to be paid in cash, and $1,600 March 1, 1920, for which a note was executed, and also a cash payment on said date of $4,600.

On February 9, 1920, Nellie Hennessy entered into a contract in writing with Fred G. Winn, appellee herein, agreeing to convey the said premises to him for a consideration of $40,400, $3,800 to be paid on the execution of the contract, and $4,600 March 1st. Appellee in fact paid Hennessy $1,000 when the contract was executed, and gave her a note for $2,800, due March 1st.

On March 3d, appellee gave a check drawn on the defendant First State Bank of Adair County for $7,400, to be applied on the Hennessy contract. On March 2, 1921, he paid to the Orient Savings Bank $5,560, to be applied on the purchase price of the land. Appellee entered into possession of the premises on or about March 1, 1920, without receiving a deed from his grantor, the title to the land not then having been settled.

On October 4, 1921, appellee filed a petition in the office of the clerk of the district court of Adair County, in which he named as the sole defendant Mary M. Strong, administratrix of the estate of Nellie Hennessy, who was then deceased, asking rescission and cancellation of the contract dated February 9, 1920, upon the principal ground that the administratrix could not convey a good title to the land. The particular defects in the title are not material. Before final trial of that action, all of the parties named above filed separate petitions in intervention, offering to perfect the title. Williams also asked specific performance of the original contract with Handley. Appellee also asked that he be allowed as a claim against the estate of Nellie Hennessy the aggregate of the several payments above enumerated, together with interest thereon. Upon final hearing, the court dismissed all of the petitions in intervention, canceled the Hennessy contract, and established a claim against her estate in favor of plaintiff for $3,800, with interest thereon at 6 per cent. The reason assigned by the court in a written opinion filed shortly before the decree was signed, for refusing to allow the claim in full, was that $3,800 was all that the deceased ever received. The administratrix and George H. Wil-

liams appealed from the judgment entered therein, which was affirmed. *Winn v. Strong*, 196 Iowa 498. The $5,560 payment to the Orient bank was paid by it to Williams. The proceeds of the $7,400 check, which was charged to appellee's account with the bank, were disbursed as follows: to Nellie Hennessy $1,200; to Williams, by draft, $3,000; to Jacob Eigenheer a certificate of deposit for $1,600; to appellant Handley a certificate of deposit for $1,600. None of the contracts have ever been carried out, so that Eigenheer was not in position to demand payment of the $1,600 note executed to him. The same was true of the $1,600 note held by appellant. The court below required Williams to account for the amount received by him from the Orient Savings Bank and the First State Bank of Adair County, and entered judgment against him therefor, with certain offsets not now material, and also required appellant to account for the $1,600 received by him, with interest, for which judgment was entered against him. Handley alone appeals.

Two propositions are advanced by appellant, as follows: that the item in controversy was adjudicated in the prior action; and that appellee failed to make out a case against him on the merits.

I. The several defendants filed separate answers, Williams alone pleading the judgment in the prior action as an adjudication of the issues in this case. Williams did not appeal; hence 2. JUDGMENT: con- this defense is not before us. In any event, the clusiveness: non- plea, if made, would not be available to appel- adjudicated issues. lant. The several parties, except the adminis- tratrix of the Hennessy estate, appeared as merely interveners, and the only issues tendered by them related to the several contracts above referred to. The cause of action now being litigated is independent of the matters involved in the prior suit, and could have been set up only by way of cross-petition. Appellee was not required to so plead it. *Oswalt v. Cronk*, 195 Iowa 230; *Ferguson v. Epperly*, 127 Iowa 214.

II. As we have already indicated, the $1,600 note executed by Nellie Hennessy to Eigenheer was paid out of the proceeds of the $7,400 check. This sum was included in the judgment entered against Mary M. Strong, as administratrix. The $1,600 note of Eigenheer held by appellant was executed as a part of

the purchase price of the farm, to which appellant did not have title, and which he never attempted to convey. The vice president of the First State Bank of Adair County testified that Nellie Hennessy previously instructed him to make a proper disbursement of the payment when made. She was ill at the time the payments were made, and, so far as the record shows, never knew that the bank received the money. Neither appellee nor Nellie Hennessy was in any way indebted to appellant. The proceeds of the check belonged to one of them. The draft issued to Williams and the certificates of deposit issued to Eigenheer and Handley, respectively, were not offered in evidence; but the record does disclose that the books of the bank show only the credit of $1,200 to the account of Nellie Hennessy, and the debit of appellee's account with the amount of the check. The witness Wiley, vice president of the bank, testified that the draft and certificates of deposit were paid out of the Nellie Hennessy fund. Whether the fund was segregated and held apart from the other funds of the bank for that purpose does not appear; but it is admitted that these transactions were never entered upon the books of the bank. An indorsement purporting to show the payment of $7,400 was placed upon the contract by the bank; but, as stated, the actual amount received by her was $2,800, $1,600 of which Wiley paid to Eigenheer in the manner stated. Appellee was entitled to recover from the estate of Nellie Hennessy what he paid her on the contract, and nothing more. The court dismissed the petition against both banks upon the theory that they retained no part of the funds, and had nothing for which to account.

Manifestly, appellant has no valid claim to the $1,600 received by him. It was paid to him by mistake or inadvertence. The amount was withdrawn from the account of appellee to be paid to Nellie Hennessy. The crosscut method of settling and adjusting notes for which neither appellee nor Nellie Hennessy was liable could bind neither of them. Until the money was applied as directed, it belonged to appellee. The jurisdiction of a court of equity to compel an accounting under such circumstances cannot be doubted. *Lee v. Coon Rapids Nat. Bank,* 166 Iowa 242; *Schlapkohl v. Schlapkohl,* 194 Iowa 330; *Hanby v.*

*First Sav. Bank,* 197 Iowa 150; *Frink v. Commercial Bank of Emmetsburg,* 195 Iowa 1011.

There is no merit in appellant's contention that appellee did not offer to place him *in statu quo* by offering to return the Hennessy note, which was canceled and returned to the makers. Appellee did not have the note in his possession, nor was he in any way bound to place appellant *in statu quo.* He is not asking rescission of a contract with appellant, nor was he in any respect a party to the transactions complained of. The judgment below was properly entered, and it is—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.