J. J. WILLIAMS, Appellant, v. E. B. GUY, Appellee.

No. 39518.

JANUARY 21, 1930.

*E. A. Johnson* and *Charles J. Haas*, for appellant.

*C. H. Van Law*, for appellee.

MORLING, C. J.—Under date of February 24, 1925, defendant executed to W. T. Cowell his promissory note for $18,000, due February 24, 1930, with annual interest coupons attached. By the terms of the note, 20 days' default in payment of interest entitled the holder of the principal note to declare the entire principal and accrued interest to be due. Under the same date, defendant executed a trust deed on land in Missouri, to secure the payment of the note. The trust deed provided for foreclosure by advertisement and sale. Plaintiff is the assignee of these papers. Defendant failed to pay the first installment of interest, due February 24, 1926. The petition in this case, filed

August 26, 1926, sets out the note and trust deed. It alleges that plaintiff proceeded to foreclose the trust deed according to its terms, and purchased the mortgaged property at the foreclosure sale for $17,000, which, less expenses, was applied as a credit on the note. Plaintiff sets out the foreclosure proceedings in detail, for the evident purpose of showing their validity and the basis for the credit on the note. He asks judgment for the balance of the principal, $3,001.84, together with interest and costs. Though he entitled his petition in equity, he in terms asks only for the money judgment just indicated. Defendant moved to transfer the case to the law docket, on the grounds that in the prayer of the petition plaintiff did not ask equitable relief, but only a personal judgment; that the statement of the case is of a claim at law; that the issues that may be joined thereon are cognizable at law; and that defendant is entitled to jury trial. The motion was sustained. Defendant thereupon answered with a general denial, and allegation that the property was worth far in excess of the amount secured by the trust deed; that the trustee and plaintiff, acting in collusion, purported to have made a sale for a less amount; that the sale was had without due and proper notice; that the trustee and plaintiff acted in collusion, and with fraudulent intent; that, "by the apparent laws of the state of Missouri, within which such real estate is located, there accrued to this defendant no right of redemption * * *; that, by reason of such fraud and collusion on the part of the plaintiff and the said trustee in purporting to effect a sale of said real estate for less than the fair value thereof, the plaintiff now wrongfully and illegally claims of this defendant the amount set forth in plaintiff's petition as a claim based upon a deficiency of recovery from said sale * * *; that, as to the attempt now made by plaintiff to enforce his claim in the amount of said deficiency, the same constitutes an active fraud upon the rights of this defendant.'' In another division, defendant denies that he was the owner of the land at the time of the trustee's sale; denies that the owner or he was served with any due and lawful notice of sale, as required by law; denies that the ''sale was conducted in any manner as required by law; and avers as to such purported sale that the same is illegal and void, and that, by reason thereof, plaintiff has no valid claim against defendant, save as by the terms of said trust

deed created, and as to which terms of said trust deed, sale has not been made by the plaintiff in order to entitle the plaintiff to any recourse against this defendant in the way of judgment.'' Plaintiff introduced testimony tending to show defendant's default in payment of interest and taxes; that the trust deed was foreclosed by advertisement, and the land bid in by him for $17,000. The law of the state of Missouri is neither pleaded nor proved by either party. At the conclusion of plaintiff's evidence, defendant moved for directed verdict, on the ground that defendant was not in default in payment of interest or taxes when the foreclosure was instituted, and that the foreclosure was void ''because the whole ground of complaint of the plaintiff in this cause is based upon the failure of the defendant to pay the interest coupon maturing February 24, 1926, as to which there was no default at the time the proceedings were instituted under the trust deed.'' The motion was sustained. Plaintiff now contends that the foreclosure proceedings are immaterial, except as establishing the credit, and that, if they are void, that fact would not defeat plaintiff's right to recover the entire indebtedness evidenced by the note, less the admitted credit; that, if the foreclosure be assumed to be void, still plaintiff is entitled to recover the full amount of the note with interest, according to its terms, less admitted credits. The petition sets out the note, and alleges default in payment of interest. As a result of these allegations, the note, on the exercise of plaintiff's option to so declare, became due. Plaintiff admitted that defendant was entitled to a credit upon the note, but unnecessarily set out the reasons for which, as he claimed, the defendant was entitled to the credit. The action was accepted by defendant as being one at law, and on his motion, was transferred to law. According to the petition and the evidence, defendant executed the note. Plaintiff is the holder of it. The note is due, and to the amount of $3,001.84 and interest is unpaid. It is the general rule that a plaintiff is required to prove no more of his allegations than are necessary to entitle him to recover. If his petition sets out, commingled in a single count, facts constituting two causes of action or theories of recovery, and some of the allegations, while material to one cause of action or theory, are not proved, and are redundant as to the other cause of action or theory, which is proved, plaintiff is entitled

to recover. Plaintiff need prove no more of his allegations than are necessary to make out a cause of action within the allegations of the petition. *Lee v. Coon Rapids Nat. Bank,* 166 Iowa 242, 248; *Security Sav. Bank v. Capp,* 193 Iowa 278; *Coleman v. Iowa R. L. & P. Co.,* 189 Iowa 1063. On the state of the pleadings and proof at the time the plaintiff rested, he had alleged and proved a cause of action upon the note, and defendant was, therefore, not entitled to a directed verdict.— *Reversed.*

STEVENS, FAVILLE, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.