WARDER-BUSHNELL & GLESSNER COMPANY, Appellant, v. J. D. HARRIS *et al.*, Appellees.

Conversion : AGENCY. One charged with the unlawful seizure and conversion of personal property cannot escape liability therefor upon the ground that the seizure and conversion were made by him simply as the agent of another.

*Appeal from Osceola District Court.*—HON. C. H. LEWIS, Judge.

THURSDAY, OCTOBER 16, 1890.

ACTION at law for certain wheat, other grain and flax, owned by plaintiff, which was taken by defendants, and converted to their use. The cause, as to defendant Harris, was tried to the court without a jury, and judgment was rendered for defendant. The plaintiff appeals.

*D. D. McCallum*, for appellant.

*O. J. Clarke*, for appellee.

BECK, J.—I. The abstract shows that defendant Harris answered the petition, and the trial was as to him alone. His answer admits the taking of the property, and alleges that he was acting in the matter as the agent, and under the direction of his codefendant Close, who was the owner thereof under a mortgage. All other allegations of the petition are denied. It is admitted by the parties that plaintiff held the property under a mortgage which was prior and paramount to the mortgage under which the defendants claim it. It is admitted that Harris had constructive, though not actual, notice of plaintiff's mortgage.

II. We are authorized to conclude that the district court found for defendant on the ground that he took the property while acting as agent of Close. The admitted facts are that defendant took the property ; and the conclusion of law is that, as between plaintiff and defendant, the plaintiff had the right to the possession of the property under the mortgage, the ownership thereof being vested in plaintiff, the mortgagee. Code, sec. 1927; *Gordon v. Hardin*, 33 Iowa, 550; *Doane v. Garretson*, 24 Iowa, 351. The defendant Harris took and converted this property. He is liable for damages. The fact that he was agent of his codefendant does not discharge him from this liability. The act was not done under a contract. It was done in violation of plaintiff's rights, and without the sanction of law. It was, therefore, a tort, for which he is presumably liable. Story on Agency, sec. 308. The capacity in which a tortfeasor acts, whether as agent, trustee, servant or public officer, does not protect him from liability for his torts. The court below erred in rendering judgment for defendant. REVERSED.