## AGNES SEMPLE *vs.* LOUIS MORGANSTERN.

Third Judicial District, Bridgeport, April Term, 1922.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A corporation is responsible for a tort committed by it, and the officer or agent of the corporation who acts in its behalf is also personally liable.

In the present case a corporation, acting by its president, purchased an automobile from one who did not in fact own it, and upon demand of the plaintiff, its real owner, refused, through its president, to return the car unless paid a certain sum for towing the car to its garage, which the plaintiff, never having requested, declined to pay. *Held* that the president of the company was personally liable, when sued in trover, for the conversion of the automobile.

An agent when sued in trover cannot defend by pleading that he acted for another.

Argued April 11th—decided May 5th, 1922.

ACTION for the alleged conversion of an automobile, brought on an appeal by the plaintiff from the City Court of Waterbury, to the District Court of Waterbury, and tried to the court, *Makepeace, Deputy-Judge;* judgment for defendant, and appeal by plaintiff. *Error and new trial ordered.*

Plaintiff's minor son, on July 7th, 1920, represented to defendant that he owned an automobile which in fact belonged to his mother, the plaintiff, and defendant, acting in behalf of the Active Automobile Exchange, Incorporated, purchased of plaintiff's son this automobile, agreeing to credit him with the purchase price, $250, on the purchase by him of another car from the company. Defendant was at this time the president of this company and the owner of seventy-five per cent of its stock. The company, acting by its president, had the automobile transferred from plaintiff's possession to its own possession. On the evening of this

day plaintiff learned for the first time that defendant had taken it. The next day she made demand on defendant for the automobile. Defendant, acting for the company, thereupon offered to let her have the car upon the payment of his reasonable expenses in towing the car from Watertown to Waterbury, but plaintiff insisted upon his returning the car to her in Watertown, which defendant, acting for the company, refused to do. Subsequently and before suit, the company's attorney notified plaintiff's attorney that the car was held subject to the plaintiff's order. "During the entire transaction connected with said car, the defendant simply acted in his official capacity as president of the Active Automobile Exchange, Incorporated, and performed no personal or individual act connected with said transaction." The company, and the defendant as its president, acted in good faith in the purchase of the car.

*James M. Lynch,* for the appellant (plaintiff).

*Albert P. Bradstreet* and *Marcus H. Weisman,* for the appellee (defendant).

WHEELER, C. J. The trial court concluded that the defendant did not convert the car to his own use. This conclusion the court reached upon the theory that whatever the defendant did was done in a representative capacity, acting for and in behalf of the company of which he was the president. The defendant's refusal to deliver to plaintiff her car upon demand, except upon condition that she repay the expenses incurred by him in towing the car from her premises to those of his company, was a conversion at that time of the car, since it was an unlawful exercise of dominion over the car, and a deprivation of plaintiff's right to

its immediate possession. *Metropolis Mfg. Co.* v. *Lynch,* 68 Conn. 459, 470, 36 Atl. 832; *Semon* v. *Adams,* 79 Conn. 81, 63 Atl. 661. Where one purchases personal property in the belief that he is acquiring a lawful title to the same from the vendor, and later finds that the vendor had no right to convey title, his retention of possession, after he has learned or had reasonable means of knowing that the vendor had no right to convey, is a conversion giving the owner a right of action in trover. 2 Cooley on Torts (3d Ed.) p. 866. The defendant, as president of his company, was acting for it and with authority in his purchase of this car and in its retention, so that the company is plainly liable in trover for this conversion.

The question raised by the appeal is whether the defendant, who acted in his representative capacity as president, is also liable in trover. An agent cannot defend in an action of trover against him by pleading that he acted for another. An agent of an individual, firm, or corporation, is guilty of a conversion who buys or sells the property of another for his principal, without authority from the owner. And his ignorance of the owner's title and his belief in his right to buy or to sell, will not relieve him of liability. *Kimball* v. *Billings,* 55 Me. 147, 151; *Gage* v. *Whittier,* 17 N. H. 312, 320; *Singer Mfg. Co.* v. *King,* 14 R. I. 511, 512; *McDonald* v. *McKinnon,* 92 Mich. 254, 52 N. W. 303; *McPartland* v. *Read,* 93 Mass. (11 Allen) 231; *Warder-Bushnell & Glessner Co.* v. *Harris,* 81 Iowa, 153, 46 N. W. 859; 26 R. C. L. p. 1139, § 52. The general rule is thus stated by Cooley (3d Ed., Vol. 1) p. 244: "All who actively participate in any manner in the commission of a tort, or who command, direct, advise, encourage, aid or abet its commission, are jointly and severally liable therefor." Under this generally accepted rule, both principal and agent, who is him-

self a participant in the conversion, are liable in trover. *Wing* v. *Milliken*, 91 Me. 387, 389, 40 Atl. 138; *Perminter* v. *Kelly*, 18 Ala. 716, 718; *Singer Mfg. Co.* v. *King*, 14 R. I. 511, 512; Bowers, the Law of Conversion, p. 223, § 306.

No case has reached this court exactly similar in its facts to the case at bar. But the same principle was involved in the cases which hold an officer liable for the unlawful removal and retention of the personal property of a stranger to the suit, by direction of the plaintiff in that action, as well as the plaintiff himself. Both are guilty of a conversion. *Calkins* v. *Lockwood*, 17 Conn. 154; *Pearne* v. *Coyne*, 79 Conn. 570, 577, 65 Atl. 973. The authorities with substantial unanimity sustain this principle.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before the opinion was written.