Cohen et al., Appellants, *v.* Maus et al.

Argued May 14, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Richard H. Klein,* of *Knight, Taggart, Klein & Reich,* for appellants.—The duty of passing on the credibility of testimony and reconciling conflicting statements of the same or different witnesses is for the jury and not for the court: Creachen v. Carpet Co., 209 Pa. 6; Moyer v. R. R., 247 Pa. 210.

Where there is a trespass in conversion it renders the person committing it liable in trover, although he may commit it to the use of another: Eckert v. Ship Building Co., 280 Pa. 340; Carey v. Bright, 58 Pa. 70; Hindson v. Markle, 171 Pa. 138; McCrea v. McClenahan, 115 N. Y. S. 720; Passaic Falls Throwing Co. v. Villeneuve-Pohl Corp., 155 N. Y. S. 669.

Defendant directors by the exercise of due diligence could have known of the conversion and prevented it, and, in default thereof, are liable: Murphy v. Transit Co., 285 Pa. 399; Fell v. Pitts, 263 Pa. 314; Cornell v. Seddinger, 237 Pa. 389; Loan Soc. v. Eavenson, 248 Pa. 407.

*Charles C. Lark,* with him *Fred B. Moser* and *Edward Raker,* for appellees.—Defendants are not individually liable: Brown v. Orr, 112 Pa. 233; Mechanic's B. & S. Assn. Assigned Est., 202 Pa. 589.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1929:

This is an action of trespass in the nature of trover and conversion brought to recover the value of merchandise belonging to plaintiffs, which it is alleged de-

fendants sold, and converted the proceeds therefrom to the use of the Wearever Knitting Mills, a corporation in which they were all directors. A nonsuit was entered in the court below and from the refusal to take it off plaintiffs appeal.

Appellants purchased hosiery from the Wearever Knitting Mills which it had manufactured valued, so they claimed, at $5,186.15 and paid the corporation therefor. The merchandise was left with it and set apart to plaintiffs, subject to their shipping directions. The Knitting Mills became bankrupt and upon investigation appellants discovered that the goods belonging to them had been resold to a third party and the proceeds realized therefrom received by the Knitting Mills. Upon so ascertaining, this action was brought to recover from appellees individually the amount of appellants'. loss under the claim that they had unlawfully and wrongfully converted the proceeds of the goods sold to the use of the Knitting Mills. The theory upon which it is sought to hold defendants individually liable is embodied in the following question stated by appellants' counsel in their brief: Are directors of a corporation individually liable for the conversion of plaintiffs' goods by the corporation or the general manager thereof where the facts of the conversion appeared on the books of the corporation and could have been known to the directors and the conversion prevented by them through the use of ordinary diligence? The trial judge answered "no" to this proposition, saying there was no testimony showing that any of the defendants, save Maus, knew of the sale by the company of the merchandise to plaintiffs and that none of them had any knowledge of the sale of it, after plaintiffs' purchase thereof, to the person who acquired it and that it was not shown that they had wilfully, knowingly and intentionally participated in the trespass. Our reading of the testimony convinces us that this determination was correct as to all of the defendants except Maus. This is not an action by the corporation or its

receiver or trustee or in behalf of its creditors or stockholders against directors alleging loss due to their default where such rulings, cited by appellants, as Fell v. Pitts, 263 Pa. 314; Cornell v. Seddinger, 237 Pa. 389, and kindred cases might be invoked in aid of recovery. Here persons who were directors in a corporation are sought to be held individually liable for a conversion of property about which they knew nothing merely because, if they had examined the books of the corporation, they might have ascertained that the conversion had taken place. We cannot lend our assent to the establishment of such a doctrine. It is doubtful, if this were the established law, that responsible persons would be willing to act as corporation directors. If authority were needed for the general view we take, it can be found in Pelton v. Gold Hill Canal Co., 72 Ore. 353, 142 Pac. 769; Davenport v. Newton, 71 Vt. 11, 42 Atl. 1087; Fanning v. Osborne, 102 N. Y. 441, 7 N. E. 307; 4 Fletcher, Corporations, 3774, section 2536; 2 Machen, Corporations, sections 1642-44.

The situation would, however, seem to be different so far as the defendant Maus is concerned. He was not only a director, but also general manager of the corporation. He not only knew of the sale of the merchandise to plaintiffs, but actually made it. While it is earnestly argued that he did not participate in the resale of their goods and in the conversion, we have reached the conclusion that this question is sufficiently doubtful to warrant its fuller investigation on another trial. A non-suit having been entered, plaintiffs' evidence must be considered in the light most favorable to them (Lerch v. Bard, 153 Pa. 573; Murphy v. P. R. T. Co., 285 Pa. 399; Kilpatrick v. P. R. T. Co., 290 Pa. 288) and there is testimony given by one of plaintiffs to the effect that Maus said to him that he (Maus) had sold their goods to Ellis Brothers. While it is true on cross-examination he said that Maus did not mention any name in connection with the sale, it is doubtful in our minds whether

this was intended to qualify his previous statement in chief. If Maus actually converted plaintiffs' goods, he would be personally liable to them notwithstanding that the proceeds went to the corporation and not to him: Berry v. Vantries, 12 S. & R. 89; Barton v. Willey, 2 W. N. C. 157; Semple v. Morganstern, 97 Conn. 402, 116 Atl. 906; 26 R. C. L. 1098; Ibid. 1113, 1139.

The judgment of nonsuit is affirmed as to all of defendants except J. W. Maus; as to him the nonsuit is set aside and a procedendo awarded.