FRANK MAU, Appellee, v. RICE BROS. et al., Appellants.

No. 41582.

June 20, 1933.

Rehearing Denied September 29, 1933.

Herbert W. Brackney and Donovan W. Burington, for appellant.

W. E. Kahler, and Naglestad, Pizey & Johnson, for appellee.

CLAUSSEN, J.—I. In two paragraphs of the copy of the lease attached to the petition, the terms "lessee" and "lessor" were interchanged, wherever used. During the trial of the case this error was discovered, and the petition was amended by substituting a correct copy of the lease in lieu of the incorrect copy attached to the pleading as an exhibit. Appellant complains of the action of the court in permitting the amendment to be filed. No prejudice could

result to appellant from the amendment, as the paragraphs in which the errors occurred, related to matters entirely immaterial to any issue on trial. The amendment was properly permitted.

■ II. In the original petition it was alleged that the appellant was a corporation. Upon the trial it developed that appellant was a partnership. When this fact was disclosed, appellee asked leave to amend the petition by striking the allegation that appellant was a corporation and pleading in lieu thereof that it was a partnership. The court permitted the amendment. The appellant filed an answer denying generally the allegations of the petition and setting up a number of special defenses but which contained no allegations in relation to the capacity of the appellant, Rice Brothers. Corporate or partnership capacity on the part of a plaintiff or defendant may be alleged generally. Code section 11207. It has been held that failure to allege the capacity of plaintiff, as a corporation, is not fatal to the maintenance of a suit. M. Schultz Co. v. T. P. Griffith, 182 Iowa 650, 166 N. W. 101. Regardless of whether appellant was a corporation or a partnership, it was a legal entity, and action could be maintained against it. The entity was in court. It had answered, and had not questioned the allegations in relation to its capacity as required by Code section 11208, if it felt aggrieved by the allegations as to its capacity. Whatever its character might be, a judgment could be rendered against it and such judgment would be binding on the entity in court. Stokes v. Gollmar Bros., 163 Iowa 530, 145 N. W. 59. In view of the fact that appellant did not question the allegation of corporate capacity and that the judgment would be binding upon it, whatever its capacity, no prejudice could possibly result from the amendment to the petition conforming the allegations to the proofs.

■ III. Upon the trial of the case the court sustained objections to questions asked by counsel for defendant tending to show that plaintiff was not the owner of the land, and complaint is made of this by appellant on the theory that if the plaintiff did not own the land he would not have a lien upon the hogs in question. The ultimate question presented by the objection is whether one who is not the owner of real property can contract with another in relation to it in such manner that the relationship of landlord and tenant is created. In the case at bar the tenant entered into possession of the leased property under and by virtue of his contract with plaintiff, and if it is legally possible, there is no question but what the rela-

tionship of landlord and tenant existed between plaintiff and Adolph Lenz. In 35 C. J. p. 1210, section 537, it is said:

"The relation of landlord and tenant may be created although the landlord is not the owner of the property. * * * The relation of landlord and tenant does not depend upon a landlord's title but upon the agreement between the parties followed by the possession of the premises by the tenant under such agreement."

It is generally held by the courts that a tenant is estopped from denying his landlord's title. Beck v. Minnesota & Western Grain Co., 131 Iowa 62, 107 N. W. 1032, 7 L. R. A. (N. S.) 930; Taylor v. Olmstead, 201 Iowa 760, 206 N. W. 88; Cheyne v. Quackenbush, 198 Iowa 420, 199 N. W. 367. Such cases recognize the fact that the relationship of landlord and tenant is not dependent upon ownership of the land by the landlord. Under the contract with plaintiff, Lenz entered into possession of the land. The contract purports to be, and is, a lease. In this situation the relation of landlord and tenant was undoubtedly created by the contract, with all the incidents usual to such relations. The question of the ownership of the land was irrelevant and immaterial to any issue on trial.

IV. In the petition plaintiff pleaded that he had a lien on the hogs by virtue of his contract and that he also had the statutory landlord's lien. A motion was made by the defendant to require plaintiff to elect whether to stand upon the statutory or the contractual lien. This motion was properly overruled by the trial court. It has been held that a contractual lien is not inconsistent with the statutory landlord's lien. Pickler v. Lanphere, 209 Iowa 910, 227 N. W. 526. Such being the case, plaintiff was not required to elect upon which lien he would rely. Halstead v. Rohret, 212 Iowa 837, 235 N. W. 293. In any event, appellee was seeking to recover damages for but a single invasion of his rights in the hogs. If his rights spring from two sources, one being the contractual lien and the other the statutory lien, proof of the existence of both liens would be essential to the establishment of his full rights. But when these rights were invaded there was but a single injury to appellee. In either view of the matter the ruling of the trial court was correct.

V. The appellant pleaded that the hogs were subject to a chattel mortgage in favor of a bank, in a neighboring town, which was unsatisfied and that the lien of the mortgage was paramount to plaintiff's lien; the thought being that appellee's junior lien was

worth less than if it were a paramount lien, and that appellee was entitled to recover only the value of his junior interest in the hogs. Upon the trial of the case the defendants were not permitted to introduce the canceled note and mortgage in evidence, and in the instructions the court withdrew this defense from the consideration of the jury. The record discloses that at the time of trial, the indebtedness secured by the chattel mortgage had been fully paid by the sale of other property subject to the mortgage. The exhibits themselves, when offered, were marked canceled. All of the hogs handled by appellant were born and raised upon the leased premises. Under the holding of this court in Dilenbeck v. Security Savings Bank, 186 Iowa 308, 169 N. W. 675, 172 N. W. 486, appellee's statutory lien upon such hogs was superior to the lien of the chattel mortgage. Appellant's theory is sustained by Thompson v. Anderson, 86 Iowa 703, 53 N. W. 418, but it is not sustained by the facts. The action of the trial court in excluding the exhibits and in withdrawing the defense was proper.

VI. It is in evidence that the defendant handled the hogs on a commission basis and that it received but a small commission for its services. Appellant contends that it is not liable for the conversion of the hogs because of its representative relationship with Lenz. There is no merit in this contention. In the case of Warder-Bushnell & Glessner Co. v. Harris, 81 Iowa 153, 46 N. W. 859, this court said:

"The defendant Harris took and converted this property. He is liable for damages. The fact that he was agent of his co-defendant does not discharge him from this liability. The act was not done under a contract. It was done in violation of plaintiff's rights, and without the sanction of law. It was therefore a tort, for which he is presumably liable."

In other jurisdictions the courts are almost a unit in holding that a broker, factor, or commission merchant cannot escape liability for the wrongful sale of property by reason of their agency relationship. 25 C. J. 411, section 143; 20 A. L. R. 132. The fact that the defendant's profit from the transaction was small is immaterial, because it is not necessary that profit flow to the party guilty of the conversion to create liability for the conversion. Lee v. Coon Rapids National Bank, 166 Iowa 242, 144 N. W. 630. The trial court was

correct in withdrawing this defense from the consideration of the jury.

VII. The defendant pleaded that the plaintiff had waived his landlord's lien upon the hogs by consenting to their sale by Lenz. The court submitted this defense to the jury. Appellant complained because the court did not hold, as a matter of law, that plaintiff had waived his lien. The evidence was in conflict in relation to the conversations from which appellant claims such waiver resulted. It is true that if the testimony of Lenz were uncontroverted appellant's position might have merit. But such conversations are denied point blank by plaintiff and are controverted by other evidence. In this situation a jury question was presented upon this matter and it was properly submitted to the jury.

The preceding discussion disposes of all errors assigned by the appellants. We find no error in the record; consequently the judgment of the trial court must be, and it is, affirmed.

KINDIG, C. J., and EVANS, ALBERT, DONEGAN, and STEVENS, JJ., concur.