T. R. THOMPSON, Appellee, v. ROBERT W. BROWNLEE et al., d.b.a. MARSHALLTOWN COCA-COLA BOTTLING COMPANY, Appellants.

No. 45600.

DECEMBER 9, 1941.

H. J. Ferguson and Roy L. Pell, for appellee.

Boardman & Cartwright, for appellants.

MITCHELL, J.—On August 31, 1939, T. R. Thompson commenced an action in the District Court of Marshall County, Iowa, for the recovery of damages in the sum of $7,500 against the Marshalltown Coca-Cola Bottling Company. No other defendants were named in the petition. It is alleged in the petition which he then filed that the Marshalltown Coca-Cola Bottling Company is a corporation with its principal place of business in Marshalltown. That it is engaged in the preparation and bottling of a soft drink labeled "Coca-Cola" and the sale of said bottled coca-colas to retail dealers for the purpose of resale by them of said drink to the consumers. That on the 16th day of April 1939 he purchased from the proprietor of the Minute Cafe in Gilman, Iowa, a bottle of coca-cola. That the proprietor of said cafe opened same and gave it to him. That he took a drink of said coca-cola, swallowing same. That it had a peculiar taste and that upon examination of said bottle from which he had taken the drink, he found it contained a foreign substance. That he alleges negligence in the preparation of said drink and asks damages in the amount of $7,500.

On the 13th day of October 1939 there was filed an answer by the Marshalltown Coca-Cola Bottling Company in which it denies each and every allegation contained in the plaintiff's petition except that it admits it is engaged in the business of bottling soft drinks, with its principal place of business in Marshalltown, Iowa. Thereafter and on, to wit, the 16th day of April 1940, plaintiff caused to be served upon Robert W. Brownlee, Lisbeth C. Brownlee, Ernest T. Smith, Jr., and Jane B. Smith, doing business under the style and trade name of Marshalltown Coca-Cola Bottling Company, 701 North Third Avenue, Marshalltown, Iowa, an original notice. Said notice set out that before the 15th day of May 1940 there would be filed an amended and substituted petition of the plaintiff mak-

ing the same allegations as in the original petition except that the Marshalltown Coca-Cola Bottling Company is a trade name under which the other parties served were doing business. Thereafter on the 4th day of May 1940 the plaintiff did file an amended and substituted petition at law in which petition he alleged that the defendant Robert W. Brownlee is a resident of Marshalltown, Iowa; that defendant Lisbeth C. Brownlee resides in Atlanta, Georgia; that Ernest T. Smith, Jr., and Jane B. Smith reside in Clermont, New Hampshire. That the defendants are engaged together in operating the Marshalltown Coca-Cola Bottling Company with its place of business at 701 North Third Avenue, Marshalltown. That Robert W. Brownlee is the agent of the partnership and is the manager of said business. He then alleges the other grounds of his original petition setting forth the alleged sale of the soft drink and that a foreign substance was found therein and that he was damaged thereby.

On the 8th day of October 1940 the defendants Robert W. Brownlee, Lisbeth C. Brownlee, Ernest T. Smith, Jr., and Jane B. Smith, appeared specially for the sole purpose of questioning the jurisdiction of the court and for no other reason. They deny that the court has jurisdiction of this cause because the original cause of action was brought against the Marshalltown Coca-Cola Bottling Company, a corporation, and that said cause of action as contained in the said purported amended and substituted petition at law constitutes a new cause of action against these defendants separate and distinct from the cause of action heretofore brought against the Marshalltown Coca-Cola Bottling Company, a corporation, and asks that the original notice alleged to have been served on the 17th and 18th of April 1940 be quashed and set aside and held for naught.

On the 16th day of October 1940 the special appearance was submitted to the court and on the 18th day of November 1940 the lower court overruled said special appearance, to which ruling the defendants appearing specially duly excepted and have appealed to this court.

There is but one question that confronts us. Did the lower court err in overruling the special appearance? At the time that the original petition was filed, it was commenced against

the Marshalltown Coca-Cola Bottling Company, alleging therein that same was a corporation. The amendment to the petition simply alleges that instead of being a corporation, it is a trade name under which the defendants who were served with notice were doing business in the City of Marshalltown, Iowa. There is no question in regard to the service upon these defendants. The sole question is the right to file in the original cause of action the amended and substituted petition which sets forth that instead of the defendant being a corporation, it is a copartnership. In the case of Mau v. Rice Bros., 216 Iowa 864, 866, 249 N. W. 206, 207, this court was confronted with almost the same identical question. Speaking through Justice Claussen, this court said:

"II. In the original petition it was alleged that the appellant was a corporation. Upon the trial it developed that appellant was a partnership. When this fact was disclosed, appellee asked leave to amend the petition by striking the allegation that appellant was a corporation and pleading in lieu thereof that it was a partnership. The court permitted the amendment. The appellant filed an answer denying generally the allegations of the petition and setting up a number of special defenses but which contained no allegations in relation to the capacity of the appellant, Rice Brothers. Corporate or partnership capacity on the part of a plaintiff or defendant may be alleged generally. Code section 11207. It has been held that failure to allege the capacity of plaintiff, as a corporation, is not fatal to the maintenance of a suit. M. Schultz Co. v. T. P. Griffith, 182 Iowa 650, 166 N. W. 101. Regardless of whether appellant was a corporation or a partnership, it was a legal entity, and action could be maintained against it. The entity was in court. It had answered, and had not questioned the allegations in relation to its capacity as required by Code section 11208, if it felt aggrieved by the allegations as to its capacity. Whatever its character might be, a judgment could be rendered against it and such judgment would be binding on the entity in court. Stokes v. Gollmar Bros., 163 Iowa 530, 145 N. W. 59. In view of the fact that appellant did not question the allegation of corporate capacity and that the judgment would be binding upon it,

whatever its capacity, no prejudice could possibly result from the amendment to the petition conforming the allegations to the proofs.''

So in the case at bar after the original petition was filed it developed that the Marshalltown Coca-Cola Bottling Company, instead of being a corporation, was a trade name under which certain people were doing business. An original notice was served in this case bringing all of the defendants who were doing business under the trade name of the Marshalltown Coca-Cola Bottling Company into court. Regardless of whether it was a corporation or a partnership, it was a legal entity and an action could be maintained against it. Certainly no prejudice could possibly result from the amendment to the petition and we believe the lower court was right in overruling the special appearance.—Affirmed.

MILLER, C. J., and HALE, WENNERSTRUM, BLISS, STIGER, GARFIELD, OLIVER, and SAGER, JJ., concur.