**CONSUMERS TIME CREDIT, INC.,**
**a corporation**

**v.**

**REMARK CORP., a corporation, et al.**
**Civ. A. No. 34331.**

United States District Court
E. D. Pennsylvania.
Feb. 28, 1964.

Oscar Spivack, Philadelphia, Pa., Wexler, Mulder & Weisman, Philadelphia, Pa., of counsel, for plaintiff.

Louis Floge, Philadelphia, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., of counsel, for petitioners.

KRAFT, District Judge.

Consumer Time Credit, Inc. (Consumers) brought this action against six corporations and three individuals, asserting claims based, inter alia, upon an accounts receivable financing agreement between Consumers and Remark Corp. (Remark), one of the corporate defendants.

Plaintiff commenced its suit by writ of fraudulent debtor's attachment, pursuant to the Pennsylvania Rules of Civil Procedure, and attached bank accounts and other personal property of defendants Sara L. Bokser, Lewis Bokser and Lewis Bokser, Inc.

The case is before us on petitions to dissolve the attachments, which allege, in part, that the complaint fails to set forth ground for attachment.

Rule 1286 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, in relevant part, states:

"A fraudulent debtor's attachment may be issued to attach personal property of the defendant within the Commonwealth and not exempt from execution, upon any cause of action at law or in equity in which the relief sought includes a judgment or decree for the payment of money, when the defendant with intent to defraud the plaintiff

"(1) has removed or is about to remove property from the jurisdiction of the court;

"(2) has concealed or is about to conceal property;

"(3) has transferred or is about to transfer property; * * *."

Count 1 of the complaint states a claim against Remark alone, and alleges that by reason of sundry defaults, breaches of warranty, misrepresentations and other breaches of the accounts receivable financing agreement, the entire indebtedness owing by that defendant to plaintiff

has matured and is now immediately due and payable.

Paragraph 5 of this Count avers:

"5. The defaults, breaches of warranty, misrepresentations and other violations of the terms and provisions of the aforesaid accounts receivable financing agreement, include, inter alia, the unlawful conversion and fraudulent diversion by defendant of merchandise and proceeds of at least 85 of the accounts receivable and/or chattel paper transactions assigned by defendant to plaintiff, constituting a conversion and diversion of approximately $45,-000.00 worth of the collateral assigned to plaintiff as security."

Count 2 states a claim against all defendants, except Remark and Sara L. Bokser, based on an alleged agreement of suretyship in favor of plaintiff for performance by Remark of the accounts receivable financing agreement.

Count 3 states a claim against Sara L. Bokser alone based substantially on the alleged breach of a subordination agreement between her and plaintiff.

Count 4 is directed against all defendants except Remark. Paragraph 13 of this Count is as follows:

"13. The defaults, breaches, misrepresentations and other violations of the accounts receivable financing agreement by Remark Corp., were made or done with the intent to defraud the plaintiff and such conduct was participated in and joined in by defendant, Lewis Bokser, defendant, Maurice Kramer and the other corporate defendants, who as guarantors and sureties of Remark Corp., and who by reason of substantial identity of directorship and principal control, acted in concert with Remark Corp., and its principals to conceal property from the plaintiff and to transfer property so as to place the same out of reach of the plaintiff. The property concealed or transferred, included not only property owned by Remark Corp., and/or the other defendants, but also prop-erty or proceeds thereof in which the plaintiff has a security interest pursuant to the provisions of the Pennsylvania Uniform Commercial Code."

In our view paragraphs 5 and 13, read together, sufficiently allege that Remark, at least, has concealed and transferred its property with intent to defraud the plaintiff. We agree with petitioners that the attachments can be sustained only if plaintiff has alleged that *petitioners* have concealed or transferred *their* property, or were about to, with the requisite intent. The Pennsylvania Rules of Civil Procedure make no change, in this regard, from the requirements of the Pennsylvania Act of March 17, 1869, P.L. 8, § 1, 12 P.S. § 2711, which originally authorized fraudulent debtor's attachment in that Commonwealth. However, on the record before us, we believe plaintiff has met that burden.

In its affidavit contra the petitions to dissolve the attachments, plaintiff avers:

"1. All of the above named corporate defendants are the corporate alter egos of the defendants, Lewis Bokser and Sara L. Bokser, his wife, and said individuals are the sole shareholders and only controlling principals of the corporate defendants.

"2. All of the above named corporate defendants are completely controlled agencies and instrumentalities of the defendants, Lewis Bokser and Sara L. Bokser, his wife."

Petitioners not only failed to deny these allegations, but Lewis Bokser filed an affidavit in behalf of himself and Lewis Bokser, Inc., in which he states: "I and my wife Sara L. Bokser own all the stock of the corporate defendants and we were in control of said corporations."

In these circumstances, we think we must apply the familiar principle that the corporate fiction will be ignored and the corporation and the individuals composing it considered as identical in cases where justice or public policy require it. The situation here is not unlike that pre-

sented in Pearl Assurance Company, Ltd. v. National Insurance Agency, Inc., 151 Pa.Super. 146, 30 A.2d 333 (1943), which was an action against a corporation and its sole stockholder and owner for conversion of fire insurance premiums. In holding the individual defendant liable, as well as the corporation, the Superior Court stated (151 Pa.Super. p. 158, 30 A.2d p. 338):

"With respect to the question of the defendant Rovno's personal liability to the appellee company, it should be noted that he was not only the owner of all the stock of the corporate defendant, as well as its president and authorized agent, but he also personally did all the acts involved in the transactions complained of in this action. 'The fiction of a corporation as an entity distinct from the aggregate of individuals comprising it was designed to serve convenience and justice. There is consequently an exception recognized wherever the rule is known, namely, that the fiction will be disregarded and the individuals and corporation considered as identical whenever justice or public policy demand it and when the rights of innocent parties are not prejudiced thereby nor the theory of corporate entity made useless'. Tucker v. Binenstock, 310 Pa. 254, 263, 165 A. 247; Markovitz et al. v. Markovitz et al., 336 Pa. 122, 126, 8 A.2d 36; Great Oak B. & L. Ass'n et al. v. Rosenheim, 341 Pa. 132, 19 A.2d 95; Miller v. South Hills L. & S. Co., 334 Pa. 293, 297, 6 A.2d 92; Cohen v. Maus, 297 Pa. 454, 457, 147 A. 103; Semple v. Morganstern, 97 Conn. 402, 116 A. 906, 907, 26 A.L.R. 21 (Conn.)."

For present purposes on the record now before us, we think the acts and conduct of Remark must be regarded as those of Lewis Bokser and Sara L. Bokser, and, through them, of Lewis Bokser, Inc., and that the complaint, therefore, states adequate grounds for the attachments.

Petitioners further urge that the complaint fails to comply with the requirements of the Pennsylvania Rules of Civil Procedure, in that it avers fraud only in general terms. Those Rules have no application here. Rule 64 of the Federal Rules of Civil Procedure, which authorizes the State remedy here, imposes the qualification that "the action in which any of the foregoing remedies is used [including the instant remedy] shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules." F.R.C.P. 1 states: "These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81."

Rule 9(b) of the Federal Rules of Civil Procedure provides:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The complaint avers a concealment and transfer of property "with the intent to defraud the plaintiff." We think this is a sufficiently particular statement of "the circumstances constituting fraud." In Barron & Holtzoff, Federal Practice and Procedure, Rules Edition, Vol. 1A, § 302, p. 217, it is stated:

"There has been a tendency in some, though far from all, cases, to give Rule 9(b) an over-strict reading, which seemingly fails to take into account the general simplicity of pleadings contemplated by the rules. It is worth noting that in the one illustrative form dealing with fraud, expressly made sufficient by Rule 84, the following allegation is offered: 'Defendant C. D. on or about * * * conveyed all his property, real and personal [or specify and describe] to defendant E. F. for the purpose of defrauding plaintiff and hindering and delaying the collection of the indebtedness evi-

denced by the note above referred to.' As one court has correctly observed, in upholding such a simple allegation, the circumstances constituting the fraud could not have been pleaded with greater particularity without pleading evidence.

"In view, too, of the further provision of Rule 9(b) that malice, intent, knowledge and other condition of mind may be averred generally, the sufficiency of a pleading must largely depend upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading."

In view of the nature of the present case, and considerations, we believe that the complaint sufficiently apprises petitioners of the scope and character of plaintiff's claim.

### ORDER

Now, February 28th, 1964, it is ordered that the petitions of Sara L. Bokser, Lewis Bokser and Lewis Bokser, Inc., to dissolve the attachments be, and they are, denied.