**Sandra Schultz NEWMAN, Receiver of the Foerderer Tract Committee, Inc., Plaintiff,**

v.

**FORWARD LANDS, INC., et al., Defendants.**

Civ. A. No. 76–1157.

United States District Court, E. D. Pennsylvania.

July 28, 1976.

Marvin L. Wilenzik, Norristown, Pa., for plaintiff.

Kent S. Bernard, Philadelphia, Pa., for defendants.

## OPINION

DITTER, District Judge.

Plaintiff instituted this suit in the Court of Common Pleas of Montgomery County, Pennsylvania, against two residents of Pennsylvania and six residents of Delaware. Asserting diversity of citizenship, defendants removed to this court pursuant to 28 U.S.C. § 1441. Plaintiff has now filed a motion to remand on the grounds that the presence of resident defendants made removal improper, but defendants claim that as to the Pennsylvanians, the suit must be deemed a sham since no cause of action was stated against them. For the reasons which follow, the motion to remand must be denied.

The complaint, in six counts, is brought by the receiver of the Foerderer Tract Committee, Inc. (Committee) against Forward Lands, Inc. (Forward), its board of trustees, and executive director. As to each defendant, liability is predicated on both tort and

contract theories. The basis of the suit is an alleged agreement between Committee, a Pennsylvania non-profit corporation, and Forward, a Delaware non-profit corporation, concerning the acquisition by the latter of certain real estate in Lower Merion Township known as the "Foerderer Tract," at least a portion of which was to be used for charitable, educational and recreational purposes. By the terms of this agreement Committee, which was formed to "preserve and protect the Foerderer Tract and the wildlife thereon to the extent possible," was to assist Forward in soliciting contributions to meet the $4.5 million purchase price. The gist of the complaint is that the defendants tortiously and in breach of their contractual obligations allowed funds and real estate to be turned over to Edwin K. Daly, Jr., Esquire, the executive director of the Committee, who diverted them to his personal use and benefit.

■ All of the defendants with the exception of two of Forward's directors, Charles A. Robinson and W. B. Dixon Stroud, are citizens and residents of Delaware; Robinson and Stroud are citizens and residents of Pennsylvania. Since absent the presence of Robinson and Stroud as defendants in this case, removal would clearly be proper, the only question is whether the joinder of these defendants must be "deemed" fraudulent.[1] Professor Moore has stated the appropriate rule in this regard:

> The joinder may be fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state. If there is a possibility that the plaintiff has stated a cause of action, the joinder is not fraudulent and the cause should be remanded. Nor will

a merely defective statement of the plaintiff's action warrant removal.

1 A *Moore's Federal Practice* § 0.161[2] at 212–14 (1974).[2]

■ Robinson and Stroud are referred to only in two counts, II and V. With respect to the contract count, count II, it is readily apparent that plaintiff has failed to state a claim against them. Count II repeats, almost verbatim, the charges of count I as to various ways in which Forward breached its contractual obligations, with the mere addition of the conclusory allegation that Robinson, Stroud, and the other directors of Forward in essence "caused" these breaches by failing to perform properly their duties as directors. But Robinson and Stroud were not parties to the contract in question here; the contract was between the Committee and Forward. Like the other directors of Forward, Robinson and Stroud were merely agents of the corporation. 19 C.J.S. *Corporations* § 837 (1940). Since there is no suggestion that Robinson or Stroud ever assumed personal responsibility for performance of the contract, the well established principle that an authorized agent for a disclosed principal is not liable on a contract between the principal and a third party comes into play. *Restatement (Second) of Agency § 320* (1958); see *Revere Press, Inc. v. Blumberg,* 431 Pa. 370, 246 A.2d 407 (1968). It is thus clear that plaintiff may not support her motion to remand on the basis of the alleged contract claims against Robinson and Stroud. See *Chipman v. Lollar,* 304 F.Supp. 440, 444–46 (N.D.Miss.1969); cf. *American Mutual Services Corp. v. United States Liability Insurance Company,* 293 F.Supp. 1082 (E.D.N.Y.1968).

■ The tort count, count V, against Robinson and Stroud also quite clearly fails

---

1. In this context, "fraudulent" is a term of art used to indicate that there is no possible basis for a cause of action against the resident defendant; it in no way reflects on the integrity of plaintiff or her counsel. See *Panamerican Pharmaceutical, Inc. v. Sherman Laboratories,* 293 F.Supp. 713, 715 n. 1 (D.P.R.1968); *Jacks v. Torrington Company,* 256 F.Supp. 282, 285 (D.S.C.1966).

2. See also *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Wecker v. National Enameling & Stamping Company,* 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907); C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 3641 (1976) and cases cited therein.

to state a claim. In general, count V charges the directors of Forward with negligent mismanagement of its operations and failure to supervise its activities in regard to the agreement with Committee. While it is hornbook law that a person obtains no exemption from tort liability because he is an agent, this principle does not aid the plaintiff since there are no allegations that Robinson or Stroud personally participated in any wrongful act.

> The rule which makes directors, officers and agents of a corporation liable for their torts to persons who suffer injury or loss thereby has been held to refer to malfeasance or misfeasance or positive wrong. . . . [A] director, officer or agent is not responsible to third persons for inattention, negligence or other mismanagement amounting merely to nonfeasance and a breach of duty owing to the corporation alone. Nothing short of active participation in a positively wrongful act intendedly and directly operating injuriously to the prejudice of the party complaining will give origin to individual liability.

19 C.J.S. *Corporations* § 846(a), at 273–74. The leading Pennsylvania cases have adopted the substance of the above statement. See *Chester-Cambridge Bank & Trust Company v. Rhodes,* 346 Pa. 427, 31 A.2d 128 (1943); *Cohen v. Maus,* 297 Pa. 454, 147 A. 103 (1929); cf. *Brunswick Corp. v. Key Enterprises, Inc.,* 431 Pa. 15, 244 A.2d 658, 661 (1968); *McKenna v. Art Pearl Works, Inc.,* 225 Pa.Super. 362, 310 A.2d 677, 679–80 (1973).[3] Other federal courts have applied essentially the same principle where removal was resisted on the grounds of the alleged negligence of a non-diverse corporate agent. See *Lobato v. Pay Less Drug Stores,* 261 F.2d 406 (10th Cir. 1958); *Jacks v. Torrington Company,* supra.

█ The sole basis upon which plaintiff predicates the liability of Robinson and Stroud is their alleged negligence in carrying out their responsibilities as directors of Forward. To be sure Robinson, Stroud and the other directors of Forward had a duty to exercise care in managing its affairs, but the duty was owed only to the corporation itself and not to Committee. Thus, the rule quoted from C.J.S. is merely an application of the well known agency principle that

> An agent is not liable for harm to a person other than his principal because of his failure adequately to perform his duties to his principal, unless physical harm results from reliance upon performance of the duties by the agent, or unless the agent has taken control of land or other tangible things.

*Restatement (Second) Agency* § 352.

█ Since this case involves no physical harm[4] to persons or property and since there are no allegations that Robinson and Stroud themselves had control of money or property, neither of the caveats of *Restatement* § 352 apply. Neither do any of the other recognized exceptions to the general rule apply to this case: there are no allegations of fraud, duress[5] or intentional or wilful misconduct on the part of the directors,[6] nor are *they* charged with conversion of any money or property.[7] It is thus clear that plaintiff has no grounds for imposing liability against Robinson and Stroud on a tort theory. Since diversity exists as to the remaining defendants, the motion to remand must be denied.

---

**3.** See also *Martin v. Wood,* 400 F.2d 310 (3d Cir. 1968); *Zubik v. Zubik,* 384 F.2d 267 (3d Cir. 1967), cert. denied 390 U.S. 988, 88 S.Ct. 1183, 19 L.Ed.2d 1291 (1968).

**4.** Compare *Restatement (Second) of Agency* § 357 with §§ 350, 354 and see the Reporters Notes to §§ 350–357, at pp. 580–81.

**5.** *Restatement (Second) of Agency* § 348; 19 C.J.S. *Corporations* § 850.

**6.** *Restatement (Second) of Agency* § 353.

**7.** *Restatement (Second) of Agency* § 349; 19 C.J.S. *Corporations* § 849.