**John Edward OLIVER**

v.

**AMERICAN MOTORS CORP., et al.**

**Civ. A. No. 85–0559–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 27, 1985.

David H. Gates, Cowan & Owen, Richmond, Va., for plaintiff.

David H. Worrell, Jr., Deborah M. Russell, McGuire, Woods & Battle, Richmond, Va., for American Motors Corp., Jeep Corp. and American Motors Sales Corp.

V. Cassell Adamson, Jr., Adamson & Adamson, Richmond, Va., for Richie Motor Co.

## OPINION

WARRINER, District Judge.

Presently before the Court is plaintiff's petition, filed with this Court on 27 June 1985, to remand this action to the State court. Defendants American Motors Corp., Jeep Corp., and American Motors Sales Corp. (hereinafter referred to as defendants), filed a brief in opposition to remand.

Plaintiff did not file a rebuttal. The matter is ripe for adjudication.

█ It is a well-settled rule of construction that " 'the removal statutes are to be strictly construed against removal.'" *Thomas v. Kroger Co.*, 583 F.Supp. 1031, 1037 (S.D.W.Va.1984) (quoting *Continental Resources & Mining Corp. v. Continental Insurance Co.*, 546 F.Supp. 850, 852 (S.D.W.Va.1982)). *See also Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 107, 61 S.Ct. 868, 871, 85 L.Ed. 1214 (1941); *Aguiar v. Evans*, 607 F.Supp. 1418, 1420 (E.D. Va.1985); *Thompson v. Gillan*, 491 F.Supp. 24, 26 (E.D.Va.1980). It follows that in deciding a motion to remand any doubt ought to be resolved against removal. *Thomas v. Kroger Co.*, 583 F.Supp. 1031, 1037 (W.D.W.Va.1984); *Rosack v. Volvo of America Corp.*, 421 F.Supp. 933, 937 (N.D.Cal.1976). This is not mere rubric; it is a very practical guide. If at some later period in the litigation the trial court's resolution in favor of removal is thought to be improvident, there would be absolutely no impediment to then raising the lack of federal jurisdiction. That would be so even as late as when there is a petition for a rehearing before the Supreme Court. The dollars, the time, and the effort of trial and appeal would all be for naught if the trial court erred.

█ When both parties have expended a large amount of money on trials and appeals they generally don't want to revisit the question of jurisdiction. They want a ruling. But when there has *been* a ruling a party on the losing end may very well then want to revisit jurisdiction. Such a revisit may be fatal. Lack of jurisdiction cannot be waived nor can a side be estopped from raising the issue. And it must not be forgotten a court may, nay must, *sua sponte* raise lack of jurisdiction. These consequences compel resolving a material doubt in favor of remand. Upon remand all doubt as to jurisdiction dissolves.

With this understanding of the legal and practical posture of a motion to remand, I will consider the facts and law as presented in the instant case.

On 9 May 1985 plaintiff filed this action in the Circuit Court of the City of Richmond, Virginia. The petition for removal was filed in this Court on 14 June 1985 by all defendants with the exception of defendant Richie Motor Co., Jack.[1] The removing defendants alleged that removal was appropriate despite the absence of Richie because this matter was based on diversity jurisdiction under 28 U.S.C. § 1332 and because, pursuant to 28 U.S.C. § 1441(b), none of the defendants properly joined and served were at the time of filing the complaint or at the time of removal citizens of the State where the action was brought. In the petition defendants contended that defendant Richie is:

> a dissolved Virginia corporation and a nonentity, is not a party in interest properly joined and served as defendant in this action ... and therefore is improperly joined as a codefendant in this action and its citizenship should be disregarded by the Court in determining diversity among the parties for removal purposes.

Defendants' petition for removal at ¶ 8.

Plaintiff in his motion to remand asserts that this Court lacks diversity jurisdiction because diversity between all defendants and all plaintiffs is not complete. Plaintiff contends that this Court lacks diversity jurisdiction because defendant Richie was a Virginia corporation and because the principals of that corporation were and are citizens of Virginia, and because plaintiff is and was a citizen of Virginia.

The removing defendants in response to plaintiff's motion contend that because defendant Richie is a dissolved corporation it has no legal status and therefore cannot be sued. In support defendants cite Va.Code § 13.1–101 (1978) which provides, in pertinent part, "The dissolution or expiration of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or stockholders, for any right or claim existing or any liability incurred, prior to dissolution." Defendants contend that the complaint asserts no "right or claim existing or any liability incurred, prior to such dissolution." These defendants argue that while the injury plaintiff complains of is related to a vehicle purchased from defendant Richie, prior to dissolution, the claim did not arise until the injury occurred and the injury asserted in this action occurred after dissolution of Richie.

■ This analysis by the removing defendants is, I believe, incorrect. Va.Code § 13.1–92 provides that a corporation, dissolved in the manner that defendant Richie was,[2] may, within five years of dissolution, apply to be reinstated as a corporation. If the State Corporation Commission allows reinstatement, "[u]pon the entry by the Commission of an order of reinstatement, the corporate existence shall be deemed to have continued from the date of dissolution...." Va.Code § 13.1–92. Under the removing defendants' interpretation of § 13.1–101 a corporation could completely escape liability for an injury caused by goods sold by that corporation. The following scenario could occur if defendants' interpretation of § 13.1–101 be correct:

1. Corporation sells faulty goods to consumer,

2. Corporation discovers that the goods are defective and may injure the consumer.

3. Corporation allows itself to be automatically dissolved pursuant to § 13.1–91.

4. Consumer is injured but has no cause of action because corporation is dissolved.

---

1. In the Motion For Judgment filed in State court, defendant Richie Motor Co., Jack, was incorrectly denominated as Jack Ritchie Motor Corp. By leave of this Court, plaintiff corrected the misnomer by filing an amended Motion for Judgment on 8 July 1985. I have no explanation for the strange name of this corporate defendant.

2. Defendant Richie was automatically dissolved under Va.Code § 13.1–91 for failure to file annual reports and for failure to pay registration fees and franchise taxes.

5. Statute of limitations runs on consumer's personal injury/warranty claim.

6. Corporation, within five years of dissolution, pursuant to § 13.1–92, seeks and gains reinstatement as a corporation retroactive to the date of dissolution without any threat of suit from the injured consumer.

That result is inconsistent with the clear intent of § 13.1–101 to abrogate the common law rule which absolves a corporation of any liability once that corporation is dissolved.

■ Further, a number of courts in analogous situations have recognized that during the windup process of a dissolved corporation the corporation itself may be liable for injuries caused during the windup phase. *See Miller's Administrator v. Nawburg Orrel Coal Co.,* 31 W.Va. 836, 8 S.E. 600 (1888); *Seavy v. I.X.L. Laundry Co.,* 60 Nev. 324, 108 P.2d 853 (1941); *Southeastern Construction Co. v. Robbins,* 248 Ala. 367, 27 S.2d 705 (1946). If a corporation can be liable for its acts occurring after dissolution, it seems logical to me that a corporation should be liable for acts occurring prior to dissolution which cause injury subsequent to dissolution.

Defendants next assert that, for removal purposes, plaintiff named defendant Richie solely for purposes of defeating diversity jurisdiction and that that motive constitutes fraudulent joinder.

Defendants properly cite *Newman v. Forward Lands, Inc.,* 418 F.Supp. 134, 136 (E.D.Pa.1976) (quoting 1A Moore's *Federal Practice* § 0.161(2) (1974)) as explaining the basis for determining fraudulent joinder. In *Newman* the Court explained:

Joinder may be fraudulent if the plaintiff fails to state a cause of action against resident defendant, and the failure is obvious according to the settled rules of the state. If there is a possibility that the plaintiff has stated a cause of action, the joinder is not fraudulent and the case should be remanded.

■ As I previously stated it is not obvious according to any settled rule of Virginia that plaintiff has failed to state a claim against defendant Richie and accordingly it cannot be said that joinder of that defendant was fraudulent.

Defendants also assert that Richie may be ignored for purposes of determining diversity jurisdiction because plaintiff failed to serve process on that defendant.

28 U.S.C. § 1441(b) provides, in part, that actions based on the diversity jurisdiction are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."

As the late District Judge Waldo Ackerman stated in *Chappell v. SCA Services, Inc.,* 540 F.Supp. 1087, 1090 (C.D.Ill.1982) (*quoting* 14 Wright, Miller & Cooper, *Federal Practice and Procedure,* § 3723 (1976)), defendants' argument concerning service of process:

is completely lacking in merit. 'A party whose presence would destroy diversity must be formally dropped as a matter of record to permit removal. It is insufficient, for example, that service of process simply has not been made on a nondiverse party; the case may not be removed until that party actually has been dismissed.'

As Judge Ackerman went on to say "the fact that service has not yet been made on the resident defendant is insufficient to allow his citizenship to be disregarded." 540 F.Supp. at 1090 (*citing Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939)); 1A Moore's Federal Practice, ¶ 0.161(2) 2d Ed. (1981); *accord, Pecherski v. General Motors Corp.,* 636 F.2d 1156, 1160 (8th Cir.1981); *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 78–79 (9th Cir.1979); *Armstrong v. Monex International, Ltd.,* 413 F.Supp. 567, 570–71 (N.D.Ill.1976).

■ The removing defendants point out in their Memorandum in Opposition to Plaintiff's Motion to Remand that plaintiffs incorrectly attempted to serve process on the former registered agent of Richie. Under § 13.1–91 when defendant Richie was dissolved, the directors of the corporation became trustees in dissolution. Under § 8.01–303:

when any corporation is operated by a trustee ... in any action against such corporation, process may be served on its trustee ...; and if there be more than one such trustee ... then service may be on any one of them. In the event that no service of process may be had on any such trustee ... then process may be served by any other mode of service upon corporations authorized by this chapter.

While plaintiff may incorrectly have attempted to serve the former registered agent of the corporation, plaintiff could under § 8.01–303 at any time institute proper service of process upon defendant Richie by service on any one or more of the trustees. Because plaintiff could institute service of process at any time and because defendant Richie has not been formally dismissed as a party defendants' § 1441(b) argument fails.

At present I am not faced with a situation where the non-diverse defendant is never properly served with process. I may have to deal with that eventuality when and if it occurs. Because diversity jurisdiction is presently lacking, this action must be REMANDED to the State Court. An appropriate judgment shall issue.

And it is so ORDERED.